IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


JOHN ROBERT SMITH, SHIRLEY HALL
and GENE WALKER                                                                  PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:01-CV-855WS

ERIC CLARK, Secretary of State of Mississippi;
MIKE MOORE, Attorney General for the State
of Mississippi; RONNIE MUSGROVE, Governor
of Mississippi; MISSISSIPPI REPUBLICAN
EXECUTIVE COMMITTEE; and MISSISSIPPI
DEMOCRATIC EXECUTIVE COMMITTEE                                                   DEFENDANTS

V.

BEATRICE BRANCH; RIMS BARBER;
L. C. DORSEY; DAVID RULE; JAMES
WOODARD; JOSEPH P. HUDSON; and
ROBERT NORVEL                                                                    INTERVENORS

_____

**MOTION TO AMEND FINAL JUDGMENT**
_____

COMES NOW the Mississippi Republican Executive Committee, one of the defendants in this action, and respectfully moves this Court, pursuant to Fed.R.Civ.P. 60(b)(5), to amend its final judgment entered February 26, 2002, for the reason that "applying it prospectively is no longer equitable," and would show unto the Court in support thereof the following:

1.      When this Court entered its final judgment of February 26, 2002, ordering the Mississippi Republican Executive Committee and the other defendants to conduct elections for Mississippi's delegation in the United States House of Representatives in a particular fashion, it explicitly declared, "This court shall retain jurisdiction to implement, enforce, and amend this order as shall be necessary and just."  Because the results of the 2010 census are now available,

and because the Mississippi Legislature will not adopt a redistricting plan consistent with the Constitution and laws of the United States before candidates must qualify to run for Congress on January 13, 2012, it is now both "necessary and just" for this Court to amend its final judgment.

2.      The 2010 census reveals the population of the State of Mississippi as 2,967,297 persons.  Ideally, then, compliance with the standards of the United States Constitution would require that each congressional district contain 741,824 persons.  In fact, the census data attached hereto and made a part hereof as Exhibit A demonstrate that the four districts mandated by this Court's final judgment contain wide variations in population, thereby violating the Constitution and laws of the United States.

3.      This Court's final judgment enjoined the operation of Mississippi's existing five-district plan, which remains codified at Miss. Code Ann. §25-15-1037 (Rev. 2007).  Since the issuance of this Court's final judgment, the Mississippi Legislature has not adopted a four-district plan of any kind.  In particular, since receipt of the 2010 census data, the Legislature has not adopted a four-district plan consistent with the Constitution and laws of the United States.  Pursuant to Miss. Code Ann. §5-1-7 (Rev. 2002), the Legislature will next convene in regular session on January 3, 2012.

4.      By letter dated June 27, 2011, Arnie Hederman, Chairman of the Mississippi Republican Party Executive Committee, gave notice to the Honorable Delbert Hosemann, Secretary of State of Mississippi, who should be substituted for the Honorable Eric Clark as a defendant in this action, that the Republican Party intends to hold a presidential preference primary in 2012, pursuant to Miss. Code Ann. §23-15-1085 (Rev. 2007).  A copy of that letter is attached hereto and made a part hereof as Exhibit B.  Under §23-15-1085, it is Secretary Hosemann's duty to "issue a proclamation setting every party's congressional and senatorial

primary elections" for the date required by statute. Pursuant to §23-15-1081 (Rev. 2007), the presidential primary will be held on March 13, 2012. Pursuant to §23-15-1083 (Rev. 2007), the party primaries for members of the United States House of Representatives will be held on that same day. Pursuant to Miss. Code Ann. §23-15-299 (Supp. 2010), candidates for nomination to the United States House of Representatives must qualify with the appropriate State Executive Committee sixty days before the primary date, which will be January 13, 2012.

5. There is no likelihood that the Mississippi Legislature, which has not adopted a congressional districting plan since 1991, will, between January 3 and January 13, 2012, adopt a plan by statute, obtain the signature of the Governor, and obtain approval of the Attorney General of the United States pursuant to 42 U.S.C. §1973c.

6. The United States Court of Appeals for the Fifth Circuit has recognized that modification of a redistricting judgment may properly be sought by motion under Fed.R.Civ.P. 60(b)(5). *Jackson v. DeSoto Parish Sch. Bd.*, 585 F.2d 726, 730 n.1 (5th Cir. 1978). As required by Fed.R.Civ.P. 60(c)(1), the Mississippi Republican Executive Committee has sought modification of this Court's final judgment "within a reasonable time" after the letter of the Party Chairman notified the Secretary of State of the intention to hold a presidential primary.

7. After a trial of this action, this Court issued its order of February 4, 2002, defining four congressional districts and explaining the requirements of federal law and the preferences established by Mississippi policies. Neither federal law nor Mississippi policies have changed in any material way since the trial in this action. Only the distribution of population throughout the State of Mississippi has changed since that trial.

8. Accordingly, this Court's final judgment should be modified to satisfy the requirements of the Constitution and laws of the United States in such a fashion as to effectuate,

as much as possible, the Mississippi policies previously recognized in this Court's order of February 4, 2002. In particular, because District Two has lost population, this Court must add enough population to District Two to satisfy the United States Constitution, while ensuring that the modified District Two contains sufficient African-American population to avoid the retrogression forbidden by 42 U.S.C. §1973c. The remaining three districts should then be modified to meet the requirements of the United States Constitution. There should be no need to modify districts lines in such a way as to neglect the Mississippi policies identified in the order of February 4, 2002.

9. In devising a modified plan, this Court may find it useful to appoint its own expert pursuant to Fed.R.Evid. 706. If so, the costs of the expert should be assessed to the defendant members of the State Board of Election Commissioners, to be paid by the State of Mississippi.

WHEREFORE, PREMISES CONSIDERED, the Mississippi Republican Executive Committee respectfully moves this Court to amend its final judgment as specified herein.

Respectfully submitted, this the 12th day of September, 2011.

                        MISSISSIPPI REPUBLICAN PARTY
                        EXECUTIVE COMMITTEE

          By:    /s/Michael B. Wallace_____
                 MICHAEL B. WALLACE (MSB #6904)
                 WISE CARTER CHILD & CARAWAY
                 Post Office Box 651
                 Jackson MS  39201-0651
                 (601) 968-5534

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent such notification of such filing to the following:

    Hon. Jim Hood
    Attorney General
    Post Office Box 220
    Jackson, MS  39205-0246

    Robert Bruce McDuff, Esq.
    Robert McDuff Law Office
    767 N. Congress Street
    Jackson, MS  39202-3009

    John Griffin Jones
    Jones Funderburg Sessums
    Post Office Box 13960
    Jackson, MS  39286-3960

    Herbert Lee, Jr.
    Lee & Assoc.
    2311 W. Capitol Street
    Jackson, MS  39209-4220

    Arthur F. Jernigan, Jr.
    Harris Jernigan & Geno
    Post Office Box 3380
    Ridgeland, MS  39158-3380

This, the 12th day of September, 2011.

                                          s/Michael B. Wallace
                                          MICHAEL B. WALLACE