IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN ROBERT SMITH, SHIRLEY HALL,
and GENE WALKER                                                                    PLAINTIFFS

VS.                                              CIVIL ACTION NO. 3:01CV855-HTW-DCB

ERIC CLARK, Secretary of State of Mississippi;
MIKE MOORE, Attorney General for the State
of Mississippi; RONNIE MUSGROVE, Governor
of Mississippi; MISSISSIPPI REPUBLICAN
EXECUTIVE COMMITTEE; and MISSISSIPPI
DEMOCRATIC EXECUTIVE COMMITTEE                                        DEFENDANTS

AND

BEATRICE BRANCH, RIMS BARBER,
L.C. DORSEY, DAVID RULE, JAMES
WOODARD, JOSEPH P. HUDSON, and
ROBERT NORVEL                                                                        INTERVENORS

---

**RESPONSE TO MOTION TO AMEND FINAL JUDGMENT**

---

Attorney General Jim Hood[1] files this his Response to the Mississippi Republican Executive Committee's Motion to Amend Final Judgment [Docket No. 92] and states:

1.      The relief requested by the Mississippi Republican Executive Committee's motion to amend this Court's February 26, 2002 final judgment should be denied because it is premature. The Mississippi Legislature should be afforded the opportunity to address congressional redistricting before this Court undertakes that task. The Republican Committee also lacks standing to seek the relief requested at this time. Additionally, the requested relief is improper under Rule 60(b)(5).

---

[1] Hon. Mike Moore was the Mississippi Attorney General at the time of the Court's final judgment in this action but no longer holds that office. Current Attorney General Jim Hood should automatically be substituted as a party to the instant proceedings pursuant to FED. R. CIV. P. 25(d).

2. The Attorney General does not dispute that population data from the 2010 census has been released, and acknowledges that the 2010 census data affixed to the Republican Committee's motion speaks for itself.

3. Nevertheless, the new census data is not a sufficient reason to revise this Court's final judgment using the procedure suggested by the Republican Committee. The Court should not revise its prior order and undertake the new task of drawing Mississippi's the congressional districts at this time for at least three reasons.

4. First, the Republican Committee's request that the Court draw new district lines is premature. The Mississippi Legislature should be afforded the opportunity to act on Mississippi's congressional redistricting for the 2012 elections.[2] There is sufficient time to enact a new legislative plan for congressional reapportionment prior to the 2012 elections and deadlines.

5. The Legislature's Standing Joint Congressional Redistricting Committee is not required by law to complete preparation of its redistricting plan until December 4, 2011.[3] That Committee should be allowed time to fulfill its statutory duty. Meanwhile, the Legislature should be given the opportunity to adopt a plan (whether it be in special session or otherwise at the 2012 Regular Session, and whether based upon the Committee's forthcoming plan or not), and/or to modify the primary election and other deadlines currently in place, and thereby be afforded additional time to adopt a plan at its 2012 Regular Session.

---

[2] *See Growe v. Emison*, 507 U.S. 25, 34 (1993); *Smith v. Clark*, 189 F.Supp. 2d 503, 504 (S.D. Miss. 2002).

[3] *See* MISS. CODE ANN. § 5-3-123 (committee required to draw redistricting plan no later than thirty days prior to convening of 2012 session); MISS. CODE ANN. § 5-3-129 (redistricting plan presented to Governor and Legislature upon completion).

6.      Second, the Republican Committee is not entitled to the relief sought due to lack of a current case or controversy. The plaintiffs' complaint in this matter pertained only to district lines existing in 2000 and was based upon data from the 2000 census. Currently, nobody with standing to assert a "one person, one vote" claim has challenged the districts set by this Court's prior order or raised any challenge based on the most recent census data.[4] It would be inappropriate to allow the Republican Committee to initiate such a claim.

7.      Third, the Republican Committee's requested relief is improper under Rule 60(b)(5). A judgment must have "prospective application" before Rule 60(b)(5) may be used to alter it due to changed circumstances.[5] Just because an order has continuing consequences does not mean that it has "prospective application" for purposes of Rule 60(b)(5).

8.      The February 26, 2002 final judgment at issue here recites that the Court would "...retain jurisdiction to implement, enforce and amend this order as shall be necessary and just." However, that language does not mean the order has Rule 60(b)(5) "prospective application." The statement is superfluous because the Court always has jurisdiction to implement and enforce its orders, and to amend its orders, if proper under the Federal Rules of Civil Procedure. Instead of

---

[4] Only persons with standing may initiate a "one person, one vote" claim. *See Fairley v. Patterson*, 493 F.2d 598, 604 (5th Cir. 1974); *N.A.A.C.P. v. City of Kyle, Texas*, 626 F.3d 233, 237 (5th Cir. 2010). The original plaintiffs, John Robert Smith, Shirley Hall and Gene Walker, have filed a joinder in the Republican Committee's motion [Docket No. 93]. However, none of those original plaintiffs have demonstrated that they are registered voters in a currently under-represented congressional district, or otherwise met their burden by explaining why they have standing to initiate a challenge to the current districts. Likewise, the Governor has joined in the Republican Committee's motion [Docket No. 96] but has no standing to initiate a "one person, one vote" claim.

[5] *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1139 (D.C. Cir. 1988) ("the standard we apply in determining whether an order or judgment has prospective application within the meaning of Rule 60(b)(5) is whether it is 'executory' or involves 'the supervision of changing conduct or conditions...'").

simply relying on the last sentence of the final judgment, the Court should consider the nature and purpose of its order and conclude it does not have "prospective application."

9. The purpose and intent of the February 2002 final judgment was obviously to put new district lines in place in time for the 2002 elections, as necessitated by population shifts evidenced by 2000 census data and the change in allocation of Mississippi's congressional representatives from five to four. Most important, the final judgment conditionally limited the duration of the order by providing that

> ...the defendants shall use the congressional redistricting plan adopted by this court in its order of February 4, 2002, in all succeeding congressional primary and general elections for the State of Mississippi thereafter, until the State of Mississippi produces a constitutional congressional redistricting plan that is precleared in accordance with the procedures in Section 5 of the Voting Rights Act of 1965.[6]

The plan implemented by the final judgment was to remain in place until a different plan was adopted and precleared. Meanwhile, the Court was not (and has not been) required to judicially supervise Mississippi's congressional elections since entering the final judgment. The judgment thus lacks "prospective application." It thus follows that Rule 60(b)(5) relief in this action, based on an entirely new set of facts and entirely new constitutional claims, would be inappropriate.[7] Since Rule 60(b)(5) is the sole basis for the Republican Committee's motion, it should be denied in favor of

---

[6] *See Smith v. Clark*, 189 F.Supp.2d 548, 559 (S.D. Miss. 2002), *aff'd*, 538 U.S. 254 (2003).

[7] *See Perry-Bey v. City of Norfolk, Virginia*, 678 F.Supp.2d 348, 381-83 (E.D. Va. 2009); *King v. State Bd. of Elections*, 979 F.Supp. 582, 590 (N.D. Ill. 1996), *vacated and remanded on other grounds*, 519 U.S. 978 (1996), *aff'd on remand*, 979 F.Supp. 619 (1997). Additionally, while it is true (as the Republican Committee alludes to in ¶ 6 of its motion) that the Fifth Circuit has suggested that Rule 60(b)(5) *might* be appropriate in a redistricting case where there was an intervening change in controlling law, the same footnote cited by the Republican Committee explained that the rule should not be utilized because "...in reapportionment, unlike school desegregation and institutional reform cases, the court's jurisdiction is not continuing, and the plan, once adopted and acted upon, does not require further judicial supervision." *Jackson v. DeSoto Parish Sch. Bd.*, 585 F.2d 726, 730 & n.1 (5th Cir. 1978).

Legislative action or a new lawsuit, if necessary, filed by a party with standing to raise the claims that would be the basis for requested relief.[8]

10. For any or all of these reasons, the Republican Committee's motion should be denied. If the requested relief is deemed premature, a ruling on the issues raised by the motion should be withheld until an appropriate time. Otherwise, if the Court finds the Republican Committee lacks standing, or determines the issues are better suited for a timely new action filed by a person with standing, denial of the motion would also be proper.

11. In the alternative only, if the Court determines the Republican Committee's motion should be granted, then the Court's should order should provide a time table for resolution of the merits of the issues raised. In that event, the Court should condition its order by allowing the Mississippi Legislature an opportunity to act on congressional redistricting following the Standing Joint Congressional Redistricting Committee's preparation of a redistricting plan, as required by state law. Absent action by the Legislature, the Court would undertake the task of redrawing the current district lines. However, before doing so, the parties should be given the opportunity to submit briefing and evidence (including, but not limited to, redistricting plans for the Court's consideration), and an opportunity for a hearing prior to entry of any final order establishing new congressional district lines for the 2012 elections.

FOR THESE REASONS, Attorney General Jim Hood respectfully requests that the Court enter an order denying the Republican Committee's Motion to Amend Final Judgment [Docket No. 92]. If the Court determines the requested relief should be granted, then the Court should condition its order by allowing the Mississippi Legislature an opportunity to act on congressional redistricting,

---

[8] *See* Fed. R. Civ. P. 60(d)(1).

and absent such action, by further providing the parties with the opportunity to submit briefing and evidence (including, but not limited to, redistricting plans for the Court's consideration), and an opportunity for a hearing prior to entry of any final order establishing new congressional district lines for the 2012 elections.

THIS the 29th day of September, 2011.

Respectfully submitted,

JIM HOOD, ATTORNEY GENERAL
FOR THE STATE OF MISSISSIPPI

By: S/Harold E. Pizzetta, III
Harold E. Pizzetta, III (Bar No. 99867)
Justin L. Matheny (Bar No. 100754)
Office of the Attorney General
P.O. Box 550
Jackson, MS 39205
Telephone: (601) 359-3680
Facsimile: (601) 359-2003
*hpizz@ago.state.ms.us*
*jmath@ago.state.ms.us*

*Attorneys for Jim Hood, Attorney General for the State of Mississippi*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed using the Court's ECF system and thereby served on all counsel of record who have entered their appearance in this action.

THIS the 29th day of September, 2011.

S/Harold E. Pizzetta, III
Harold E. Pizzetta, III