# IN THE SUPREME COURT OF THE STATE OF MISSISSIPPI

**CAROLYN MAULDIN, ET AL.,**

Appellants,

vs.                                                      No. 2002-CA-00146-SCT

**BEATRICE BRANCH, ET AL.,**

Appellees.

## MOTION FOR REHEARING

The plaintiffs-appellees, Beatrice Branch, et al., respectfully submit this motion for rehearing and request that the Court reconsider its opinion of December 18, 2003.[1] The Court's opinion precludes this Court and the courts of this state from adjudicating and remedying violations of the law regarding redistricting even though the Mississippi Constitution gives them general jurisdiction to do so any time the law is violated, whether the case involves redistricting or something else. The decision leaves this important area of state and federal law entirely to the federal courts even though the United States Supreme Court has said that, under our system of federalism, state courts play a vital role. This makes Mississippi the only state where the state courts have voluntarily withdrawn from resolving legal disputes over redistricting, leaving only the federal courts to take care of the problem. The opinion creates confusion in this area of law, raises the specter of consequences that the Court may not have intended, and conflicts with prior precedent. For these reasons and others, this Court should grant rehearing.

---

[1] An extension was granted until January 30, 2004 for the filing of this motion.

## Although There Is No Statute About the Role of State Courts in Congressional Redistricting, the State Courts Have the Power to Adjudicate and Remedy Any Violation of the Law, Whether in Redistricting or Any Other Area

This Court held that "[b]ecause the state courts are not mentioned specifically in § 5-3-123 or § 5-3-127" or any other statute regarding congressional redistricting, they have no jurisdiction. (Opinion, ¶ 14). But that is not the basis of the plaintiffs' complaint. The plaintiffs did not ask the courts of Mississippi to pre-empt the legislature or join with the legislature in drawing a redistricting plan because of some alleged routine role of the state courts in redistricting. Instead, the plaintiffs simply asked the state courts to adjudicate and remedy a violation of the law that resulted when the legislature failed to comply with statutory and constitutional requirements by drawing a plan. It is no different than asking the courts to exercise jurisdiction in any other civil case where the law has not been followed.

When the legislature failed to act after the 2000 census, the only plan in place for future elections was the pre-existing plan, which clearly violated, among other things, "the one person, one vote standard . . . under Miss. Const. Art. 3, § 14." *Adams County Election Commission v. Sanders,* 586 So. 2d 829, 830 (Miss. 1991). Some court had to step in, adjudicate the question of whether the prior plan could still be used, enjoin that unlawful plan from being used, and order into place a lawful plan so that the upcoming election could be held. The jurisdiction of the state courts to address that matter comes not from a particular statute about redistricting, but from their general equitable jurisdiction to

adjudicate and remedy violations of the law and the Constitution in a variety of areas. *See* Miss. Const. Art. 6, § 159 ("The chancery court shall have full jurisdiction in . . . [a]ll matters in equity.").

This is like any other case where state courts act pursuant to their general jurisdiction. No specific statute giving them jurisdiction is required for each circumstance in which the law is violated. For example, in *Alexander v. State by and through Allain*, 441 So. 2d 1329 (Miss. 1983), this Court enforced the separation of powers provisions of Art. I, §§ 1-2 of the Mississippi Constitution by affirming a trial court injunction prohibiting legislators from serving on executive boards and commissions. This Court did not have the power to do that because of some statute saying that the courts could determine the composition of those boards or commissions. Instead, the Court's power stemmed from the general jurisdiction of the state's courts to enforce state statutes and the Mississippi Constitution. "It is universally accepted that the highest judicial tribunal of a state is the paramount authority for the interpretation of that state's constitution . . . ." *Id.* at 1333. The Court also noted that it is "the duty of the judiciary" to enforce the state constitution, *id*, and as the *Alexander* decision demonstrates, to remedy any violation through equitable injunctive relief.

Just as this Court's power there did not require a statute saying it could assign and unassign the membership of boards and commissions, the authority of the courts to enforce the law in matters of redistricting does not require a statute saying they have a role in redistricting. The Mississippi Constitution already gives the courts of this state the power to enforce the laws and the Constitution. Nothing more is required.

## The State Courts Have a Role to Play, and Redistricting Cases Should Not Be Left Entirely to the Federal Courts

When a legislative body defaults on redistricting, some court is going to have to enjoin use of the prior plan and order a new plan into effect. This Court's opinion takes the Mississippi courts out of this important area of the law and abandons the field entirely to the federal courts. Thus, the Court, in effect, exacerbates the problem that it identifies at the end of its opinion: "Mississippi too often defaults in meeting its responsibilities as a state. We wait for the federal government and the federal courts to intervene for us and then we complain about the loss of our state's rights." (¶ 25).

This Court's decision, unfortunately, is an abandonment of the rights of the State of Mississippi as a partner in the federal system. It seems to suggest that state court judges are inferior to federal judges and should leave these matters to the federal courts. But that is wrong. Mississippi judges are uniquely qualified to enforce and apply Mississippi law, whether it involves redistricting or other matters, and also have a valid role in enforcing federal law. *See, Hathorn v. Lovorn*, 457 U.S. 255, 258, 269-70 (1982) (state courts have "the power" and "the duty" to enforce federal law). Indeed, the United States Supreme Court has specifically said that "state courts have a significant role in redistricting" and that "[i]n the reapportionment context, the Court has required federal judges *to defer* . . . [to the state's] judicial branch . . . ." *Growe v. Emison*, 507 U.S. 25, 33 (1993) (emphasis added). But this Court's opinion has it backwards. Instead of the federal courts deferring to the state courts, as it should be, this Court is not only deferring to the federal courts, but completely

4

abandoning the field to them. This is not the better course. As one editorial stated after this Court's decision: "How can federal judges possibly be better qualified to make such decisions than state judges?" *Clarion-Ledger,* "Redistricting: Supreme Court Shirking its Duty." December 22, 2003, p. 10A.

Indeed, of the many states where the courts are confronted with congressional or legislative redistricting matters, this Court is the only state supreme court to say that its state courts will not resolve the problem but will leave everything to the federal courts.[2]

While this Court rightly places blame on the legislature (¶ 25), it is a fact of life that legislative bodies will not always perform their duties, whether in redistricting or other areas. It is part of the time-honored system of checks and balances that courts are available to enforce the law when that happens. But if the Mississippi courts refuse to do that, the only

---

[2] *See, e.g., Alexander v. Taylor,* 51 P.3d 1204 (Okla. 2002) (affirming adoption of plan and specifically rejecting the reasoning of the federal district court in the present case); *Beauprez v. Avalos,* 42 P.3d 642 (Colo. 2002) (affirming adoption of plan); *Perry v. Del Rio,* 67 S.W.3d 85 (Tex. 2001) ("when the Legislature does not act, citizens may sue and, then, it is the judiciary's role to determine the appropriate redistricting plan"); *Cotlow v. Growe,* 622 N.W.2d 561, 563-564 (Minn. 2001); *Jepsen v. Vigil-Giron,* No. D0101-CV-2002-02177 (Dist. Ct. of Santa Fe Cty., N.M., Jan. 2, 2002) (adopting plan); *Perrin v. Kitzhaber,* No. 0107-07021 (Cir. Ct. of Multnomah Cty., Oregon, Oct. 19, 2001) (adopting plan); *Brooks v. Hobbie,* 631 So.2d 883, 889-890 (Ala. 1993) ("There is no dispute that the legislature has the initial responsibility to act in redistricting matters . . . . However, in the event the legislature fails to act, the responsibility shifts to the state judiciary."); *Hickel v. Southeast Conference,* 846 P. 2d 38 (Alaska, 1992); *Harvey v. Clinton,* 826 S.W.2d 236 (Ark. 1992); *Wilson v. Eu,* 823 P.2d 545 (Cal. 1992); *Fonfara v. Reapportionment Commission,* 610 A.2d 153 (Conn. 1992); *People ex rel. Burris v. Ryan,* 588 N.E.2d 1033 (Ill. 1991); *Fischer v. State Board of Elections,* 847 S.W.2d 718 (Ky. 1993); *Legislative Redistricting Cases,* 629 A.2d 646 (Md. 1993); *In re Apportionment of the State Legislature,* 483 N.W.2d 52 (Mich. 1992); *Day v. Nelson,* 485 N.W.2d 583 (Neb. 1992); *McGovern v. Secretary of State,* 635 A.2d 498 (N.H. 1993); *Wolpoff v. Cuomo,* 600 N.E.2d 191 (N.Y. 1992); *Mellow v. Mitchell,* 607 A.2d 204 (Penn. 1992); *Lockert v. Crowell,* 631 S.W.2d 702 (Tenn. 1982); *Terrazas v. Ramirez,* 829 S.W.2d 712 (Tex. 1991); *Jamerson v. Womack,* 423 S.E.2d 180 (Va. 1992).

people who can do it are federal judges. And they will. However, the state courts should not abandon their responsibility to enforce state and federal law simply because someone else will do it. Under our system of federalism, state court judges are equal to federal judges. This Court has as much or more business than the federal courts in resolving the legal problems that occasionally arise around redistricting.

### This Court's Opinion Could Have Far-reaching Consequences That the Court Did Not Intend

If it stands, this Court's opinion could have broad implications. Does this mean the courts of the state have no authority to enforce the rights of citizens in any case involving redistricting, whether at the state, county, or city level? What if a city draws a redistricting plan that clearly violates the one person, one vote rule, or blatantly discriminates against a particular racial group, in violation of both state and federal law. Are Mississippi courts powerless to act? And if they are, what about this Court's prior decisions authorizing them to act in such cases — for example, *Lovorn v. Hathorn*, 365 So. 2d 947 (Miss. 1978), *Carter v. Luke*, 399 So.2d 1356 (Miss. 1981), and *Adams County Election Commission v. Sanders*, 586 So.2d 829, 380 (Miss. 1991). The Court's opinion creates confusion and uncertainty, and appears to conflict with prior decisions of the Court.

### The At-large Ruling Contradicts the Language of the Statute as Well as Federal Law, and Threatens to Dilute Black Voting Strength

In its opinion, this Court said the at-large alternative of Miss. Code Ann. 23-15-1039 "comes into play when the Legislature fails to act," (¶ 19), and the "will of the people" requires at-large elections if the legislature does so. But that overlooks the language of the

statute:

> Should an election of representatives in Congress occur after the number of representatives to which the state is entitled shall be changed, in consequence of a new apportionment being made by Congress, and *before the districts shall have changed to conform to the new apportionment*, representatives shall be chosen as follows: In case the number of representatives to which the state is entitled be increased, then one (1) member shall be chosen in each district as organized, and the additional member or members shall be chosen by the electors of the state at large; and if the number of representatives shall be diminished, then the whole number shall be chosen by the electors of the state at large.

Miss. Code Ann. § 23-15-1039 (Rev. 2000) (emphasis added).

This statute says nothing about who can or should adopt redistricting plans. Moreover, it does not require at-large elections whenever the state loses a seat in congress. Instead, it purports to require at-large voting only when the state loses a seat *and* the next election is actually held "before the districts have changed to conform to the new apportionment." In all other situations, Mississippi law requires that the state's members of the United States House of Representatives be elected "by districts." Miss. Code Ann. § 23-15-1033. Once a court, state or federal, adopts a plan, the "districts shall have changed to conform to the new apportionment," and there is no need for at-large elections under the terms of the statute. Thus, this Court was incorrect to say that the statute requires at-large elections whenever the legislature fails to act.

Finally, this Court's interpretation would put the Mississippi statute in conflict with a similar federal statutory scheme that requires elections by districts, with at-large elections being used only if "the state legislature, and state and federal courts, have all failed to redistrict . . . ." *Branch v. Smith*, 123 S. Ct. __, 1442 (2003). This Court has a duty to

interpret state law to harmonize with federal law, not conflict with it. Moreover, at-large elections could not be implemented in Mississippi because they would dilute black voting strength by requiring that all members of Congress be elected from a majority-white electorate. This dilution would violate both Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and Article 3, Section 14 of the Mississippi Constitution. *See, Jordan v. Winter*, 604 F.Supp. 807 (N.D. Miss. 1984) (three-judge court), *summarily aff'd*, 469 U.S. 1002 (1984) (requiring that a majority black congressional district be created in Mississippi).

## Conclusion

For all of these reasons, this Court should grant rehearing, hold that state courts may adjudicate and remedy violations of the law in redistricting cases just as they can in other cases pursuant to their general jurisdiction, and affirm the Chancery Court.

Respectfully submitted,

_____
ROBERT B. MCDUFF
Miss. Bar No. 2532
767 North Congress Street
Jackson, Mississippi 39202
(601) 969-0802

CARLTON W. REEVES
Miss. Bar No. 8515
PIGOTT, REEVES, JOHNSON & MINOR, P.A.
P.O. Box 22725
Jackson, MS 39225-2725
(601) 354-2121

Counsel for Appellees Beatrice Branch, et al.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been delivered by mail to the following:

T. Hunt Cole, Jr.
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205

Grant Fox
P.O. Box 797
Tupelo, MS 38802-0797

Arthur F. Jernigan, Jr,
P.O. Box 23546
Jackson, MS 39225-3546

Michael B. Wallace
P.O. Box 23066
Jackson, MS 39225-3066

This 30th day of January, 2004.

_____
Counsel for Beatrice Branch, et al.