**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JOHN ROBERT SMITH, SHIRLEY HALL,**
**and GENE WALKER**                                          **PLAINTIFFS**

**v.**                                                **NO. 3:01-cv-855 HTW-DCB**

**DELBERT HOSEMANN, Secretary of State**
**of Mississippi; JIM HOOD, Attorney General**
**for the State of Mississippi; HALEY BARBOUR,**
**Governor of the State of Mississippi; MISSISSIPPI**
**REPUBLICAN PARTY EXECUTIVE COMMITTEE;**
**and MISSISSIPPI DEMOCRATIC EXECUTIVE**
**COMMITTEE**                                             **DEFENDANTS**

**and**

**BEATRICE BRANCH, RIMS BARBER,**
**L.C. DORSEY, DAVID RULE, JAMES WOODARD,**
**JOSEPH P. HUDSON, and ROBERT NORVEL**               **INTERVENORS**

**CONSOLIDATED WITH**

**KELVIN BUCK, ET AL.**                                  **PLAINTIFFS**

**v.**                                              **NO. 3:11-cv-717 HTW-LRA**

**HALEY BARBOUR, ET AL.**                                **DEFENDANTS**
_____

**ANSWER OF MISSISSIPPI REPUBLICAN**
**PARTY EXECUTIVE COMMITTEE**
_____

COMES NOW the Mississippi Republican Party Executive Committee, one of the

defendants herein, and respectfully answers the amended complaint filed on December 7, 2011,

which supersedes the original complaint served upon it in No. 3:11-cv-717 HTW-LRA.

**JURISDICTION**

1.     Defendant denies that this Court has jurisdiction of this action, because the

judgment entered by this Court in *Smith v. Clark*, Civ. Action No. 3:01-CV-00855-HTW-DCB expressly retained jurisdiction to amend the injunction that this action challenges.  The remaining allegations of paragraph 1 state legal conclusions to which no response is necessary; to the extent a response is necessary, the allegations are denied.

**VENUE**

2.      Defendant admits that venue of this action is proper in this Court.  The remaining allegations of paragraph 2 state legal conclusions to which no response is necessary; to the extent a response is necessary, the allegations are denied.

**PARTIES**

3.      Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 3 and therefore denies the same.

4.      The allegations of paragraph 4 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

5.      The allegations of paragraph 5 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

6.      Defendant admits the allegations of paragraph 6.

7.      Defendant admits the allegations of paragraph 7.

8.      Defendant admits the allegations of paragraph 8.

9.      The allegations of paragraph 9 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

10.      Defendant admits that it is a political party lawfully registered with the Secretary of State.  The remaining allegations of paragraph 10 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

11.     Defendant admits that the Mississippi Democratic Party Executive Committee is a political party lawfully registered with the Secretary of State. The remaining allegations of paragraph 11 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

12.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 12 that Elijah Williams is an adult resident citizen and duly elected Election Commissioner and the Chairman of the Board of Election Commissioners for Tunica County, Mississippi, and therefore denies the same.  The remaining allegations of paragraph 12 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

13.     The allegations of paragraph 13 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

14.     The allegations of paragraph 14 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

**FACTS**

15.     Defendant admits that the population for the State of Mississippi, according to the 2010 federal decennial census, is 2,967,297 persons.   Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 15 and therefore denies the same.

16.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 16 and therefore denies the same.

17.     Defendant admits the allegations of paragraph 17.

18.     Defendant admits the allegations of paragraph 18.

3

19.     Defendant admits the allegations of paragraph 19.

20.     Defendant admits the allegations of paragraph 20.

21.     Defendant admits the allegations of paragraph 21.

22.     Defendant admits the allegations of paragraph 22.

23.     Defendant admits the allegations of paragraph 23.

24.     Defendant admits the allegations of paragraph 24.

25.     Defendant admits the allegations of paragraph 25.

26.     Defendant admits the allegations of paragraph 26.

27.     Defendant admits the allegations of paragraph 27.

28.     Defendant admits the allegations of paragraph 28.

29.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 29 and therefore denies same.

30.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 30 and therefore denies the same.

31.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 31 and therefore denies the same.

32.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 32 and therefore denies the same.

33.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 33 and therefore denies the same.

34.     The allegations of paragraph 34 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

35.     The allegations of paragraph 35 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

36.     The allegations of paragraph 36 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

37.     The allegations of paragraph 37 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

38.     The allegations of paragraph 38 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

39.     The allegations of paragraph 39 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

40.     The allegations of paragraph 40 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

41.     The allegations of paragraph 41 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

42.     The allegations of paragraph 42 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

43.     The allegations of paragraph 43 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

44.     The allegations of paragraph 44 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

45.     Defendant denies the allegations of paragraph 45.

46.     The allegations of paragraph 46 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

47.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations that plaintiffs have drafted a redistricting plan for congressional districts and that a true and correct copy of the plan is attached as Exhibit "E" to the complaint.  The remaining allegations of paragraph 47 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

48.     The allegations of paragraph 48 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

49.     The allegations of paragraph 49 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

50.     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 50 and therefore denies the same.

51.     Defendant denies the allegations of paragraph 51.

52.     Defendant denies the allegations of paragraph 52.

## CAUSES OF ACTION

53.     The allegations of paragraph 53 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

54.     The allegations of paragraph 54 state legal conclusions to which no response is required; to the extent a response may be required, defendant denies the allegations.

## CAUSATION AND INJURY

55.     Defendant denies the allegations of paragraph 55.

## EQUITABLE RELIEF

## DECLARATORY JUDGMENT

56.     Defendant denies the allegations of paragraph 56.

6

## INJUNCTIVE RELIEF

57.     Defendant denies the allegations of paragraph 57.

## OTHER EQUITABLE RELIEF

58.     Defendant denies the allegations of paragraph 58.

Defendant denies the allegations of the final unnumbered prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over this action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' amended complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Liability for costs, including reasonable attorneys' fees and expenses pursuant to the Civil Rights Attorneys Fees Act, 42 U.S.C. §1988, is the responsibility of the State of Mississippi, and not of the named defendants.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by waiver or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by laches.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is obliged to obey the order of this Court described in the complaint.  *United States v. Mine Workers*, 330 U.S. 258, 293 (1947); *United States Steel Corp. v. United Mine Workers of America*, 598 F.2d 363, 368 (5th Cir. 1979).

## SEVENTH AFFIRMATIVE DEFENSE

Defendant can incur no liability for obeying the order of this Court described in the

7

complaint. *Bangert v. Northern Trust Co.*, 839 N.E.2d 640, 656 (Ill. App. 2005); *Hawley v. Lavelle*, 602 S.W.2d 499, 502 (Tenn. App. 1980).

      Respectfully submitted, this the 21st day of December, 2011.

**MISSISSIPPI REPUBLICAN PARTY**
**EXECUTIVE COMMITTEE**

By:    /s/Michael B. Wallace
        MICHAEL B. WALLACE (MB No. 6904)
        C. STEVENS SEALE (MB No. 6688)
        JAMES D. FINDLEY (MB No. 103649)
        WISE CARTER CHILD & CARAWAY, P.A.
        Post Office Box 651
        Jackson MS  39201-0651
        Telephone:    (601) 968-5534

## CERTIFICATE OF SERVICE

I, Michael B. Wallace, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent such notification of such filing to the following:

Carroll Rhodes, Esq.
Law Offices of Carroll Rhodes
Post Office Box 588
Hazlehurst, MS  39083-0588

Deborah McDonald, Esq.
Post Office Box 2038
Natchez, MS  39120

John L. Walker, Jr., Esq.
Phillip J. Brookins, Esq.
Walker Group, PC
Post Office Box 22849
Jackson, MS  39225-2849

Ellis Turnage, Esq.
Turnage Law Office
Post Office Box 216
Cleveland, MS  38732-0216

Willie Griffin, Esq.
Bailey & Griffin
Post Office Box 189
Greenville, MS  38702-0189

Precious Martin, Esq.
Precious Martin, Sr. & Associates, PLLC
Post Office Box 373
Jackson, MS  39205-0373

Letitia Johnson, Esq.
Post Office Box 588
Hazlehurst, MS  39083-0588

Samuel L. Begley
Begley Law Firm
Post Office Box 287
Jackson, MS  39205

Stephen Lee Thomas
Jack L. Wilson
Bradley Arant Boult Cummings, LLP
Post Office Box 1789
Jackson, MS  39215-1789

Arthur F. Jernigan, Jr.
Harris, Jernigan & Geno, PLLC
Post Office Box 3380
Ridgeland, MS  39158

John G. Jones
Jones, Funderburg, Sessums, Peterson & Lee
Post Office Box 13960
Jackson, MS  39236-3960

William Trey E. Jones, III
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, MS  39205-0119

Herbert Lee, Jr.
Lee & Associates
2311 West Capitol Street
Jackson, MS  39209

Robert Bruce McDuff
Robert McDuff Law Office
767 N. Congress Street
Jackson, MS  39202-3009

Hon. Jim Hood
Harold Edward Pizzetta, III
Justin L. Matheny
Office of the Attorney General
Post Office Box 220
Jackson, MS  39205-0220

Jack L. Wilson
Stephen Lee Thomas
Bradley Arant Boult Cummings LLP
Post Office Box 1789
Jackson, MS  39215-1789

This the 21st day of December, 2012.

/s/ Michael B. Wallace
MICHAEL B. WALLACE