IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KELVIN BUCK, THOMAS PLUNKETT,
JEANETTE SELF, CHRISTOPHER TAYLOR,
JAMES CROWELL, CLARENCE MAGEE, and
HOLLIS WATKINS, on behalf of themselves
and all others similarly situated                                                               PLAINTIFFS

v.                                                                              NO. 3:11-cv-00717 HTW-LRA

HALEY BARBOUR, in his official capacity as
Governor of the State of Mississippi, JIM HOOD,
in his official capacity as Attorney General of the
State of Mississippi, and DELBERT HOSEMANN,
in his official capacity as Secretary of State of the
State of Mississippi, as members of the State Board
of Election Commissioners; THE MISSISSIPPI
REPUBLICAN PARTY EXECUTIVE COMMITTEE;
THE MISSISSIPPI DEMOCRATIC PARTY EXECUTIVE
COMMITTEE; and CONNIE COCHRAN, in her official
Capacity as Chairman of the Hinds County, Mississippi
Board of Election Commissioners, on behalf of herself
and all others similarly situated                                                              DEFENDANTS

_____

**ANSWER OF GOVERNOR HALEY BARBOUR**
_____

Defendant Haley Barbour, in his official capacity as Governor of the State of Mississippi, answers the Complaint filed in this case as follows:

1.      Defendant admits that Plaintiffs purport to assert claims for injunctive and declaratory relief under federal law and purport to invoke this Court's jurisdiction under the statutes cited in the Complaint. Defendant denies that this Court has jurisdiction over this new action because the judgment of three-judge court in *Smith v. Clark*, Civ. Action No. 3:01-cv-

00855-HTW-DCB (S.D. Miss. Feb. 26, 2002), expressly retained jurisdiction to amend the injunction that this new action challenges.

2. Defendant admits that venue is proper. However, Defendant denies that this Court has jurisdiction over this new action because the judgment of three-judge court in *Smith v. Clark*, Civ. Action No. 3:01-cv-00855-HTW-DCB (S.D. Miss. Feb. 26, 2002), expressly retained jurisdiction to amend the injunction that this new action challenges.

3. Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraph 3 and therefore denies the allegations.

4. The allegations of paragraph 4 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

5. The allegations of paragraph 5 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendant admits that the Mississippi Republican Party Executive Committee is a political party registered with the Secretary of State. The remaining allegations of paragraph 10 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

11. Defendant admits that the Mississippi Democratic Party Executive Committee is a political party registered with the Secretary of State. The remaining allegations of paragraph 11

state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

12. Defendant admits that that Elijah Williams is an adult resident citizen and duly elected Election Commissioner and the Chairman of the Board of Election Commissioners for Tunica County, Mississippi. The remaining allegations of paragraph 12 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

13. The allegations of paragraph 13 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

14. The allegations of paragraph 14 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

## FACTS

15. Admitted.

16. Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraph 16 and therefore denies the allegations.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraph 29 and therefore denies the allegations.

30. Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraph 30 and therefore denies the allegations.

31. Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraph 31 and therefore denies the allegations.

32. Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraph 32 and therefore denies the allegations.

33. Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraph 33 and therefore denies the allegations.

34. The allegations of paragraph 34 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

35. The allegations of paragraph 35 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

36. The allegations of paragraph 36 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

37. The allegations of paragraph 37 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

38. The allegations of paragraph 38 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

39. The allegations of paragraph 39 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

40. The allegations of paragraph 40 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

41. The allegations of paragraph 41 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

42. The allegations of paragraph 42 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

43. The allegations of paragraph 43 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

44. The allegations of paragraph 44 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

45. The allegations of paragraph 45 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

46. The allegations of paragraph 46 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

47. Defendant is without sufficient knowledge and information to admit or deny the allegation that Plaintiffs drafted the purported redistricting plan that is attached to the Complaint. The remaining allegations of paragraph 47 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

48. Denied.

49. The allegations of paragraph 49 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

50. Defendant is without sufficient knowledge and information to admit or deny the allegations in paragraph 50 and therefore denies the allegations.

51. Denied.

52. Denied.

## CAUSES OF ACTION

53. The allegations of paragraph 53 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

54. The allegations of paragraph 54 state legal conclusions to which no response is required; to the extent a response may be required, Defendant denies the allegations.

## CAUSATION AND INJURY

55. Denied.

## EQUITABLE RELIEF

56. Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 56.

57. Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 57.

58. Defendant denies that Plaintiffs are entitled to the relief requested in paragraph 58.

Defendant denies that Plaintiffs are entitled to the relief requested in the final unnumbered paragraphs.

## DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over this new action because the judgment of the court in *Smith v. Clark*, Civ. Action No. 3:01-cv-00855-HTW-DCB (S.D. Miss. Feb. 26, 2002), expressly retained jurisdiction to amend the judgment and injunction that this new action challenges.

## DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

Defendant is obligated to obey the judgment and injunction entered by the court in *Smith v. Clark*, Civ. Action No. 3:01-cv-00855-HTW-DCB (S.D. Miss. Feb. 26, 2002), and has obeyed that judgment and injunction at all relevant times.  Defendant cannot be held liable for obeying a federal judgment and injunction.

## DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

The case is moot because the Court in *Smith v. Clark*, *supra*, is in the process of amending the judgment and injunction that this action challenges.

## DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, waiver, and estoppel.

Respectfully submitted,

Dated: December 21, 2011

s/Jack L. Wilson
Stephen L. Thomas (Miss. Bar No. 8309)
sthomas@babc.com
Jack L. Wilson (Miss. Bar No. 101482)
jwilson@babc.com
BRADLEY ARANT BOULT CUMMINGS LLP
188 East Capitol Street
Jackson, MS 39201
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000

*Attorneys for Governor Haley Barbour, in his official capacity as Governor of the State of Mississippi*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Jack L. Wilson
Stephen L. Thomas (Miss. Bar No. 8309)
sthomas@babc.com
Jack L. Wilson (Miss. Bar No. 101482)
jwilson@babc.com
BRADLEY ARANT BOULT CUMMINGS LLP
188 East Capitol Street
Jackson, MS 39201
PO Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
