E-Filed Document     May 28 2021 15:48:08     2020-IA-01199-SCT     Pages: 7

IN THE SUPREME COURT OF THE STATE OF MISSISSIPPI

NO. 2020-IA-01199-SCT

IN RE INITIATIVE MEASURE NO. 65:

MAYOR MARY HAWKINS BUTLER, IN HER INDIVIDUAL

AND OFFICIAL CAPACITIES AND THE CITY OF MADISON;

THE CITY OF MADISON

    PETITIONERS

V.

MICHAEL WATSON, IN HIS OFFICIAL CAPACITY

AS SECRETARY OF STATE FOR THE

STATE OF MISSISSIPPI    RESPONDENT

# MOTION OF MEVI 78 AND DR. DAVID B. ALLEN, SPONSOR OF INITIATIVE 77, FOR LEAVE TO INTERVENE

PURSUANT TO Rule 24 of the Mississippi Rules of Civil Procedure and Rule 27 of the Mississippi Rules of Appellate Procedure, Mississippi Early Voting Initiative 78 and Dr. David B. Allen respectfully move to intervene as Respondents in this action.

**EXHIBIT 1**

Intervention is warranted in light of Movants' direct interest in the outcome of this erroneously decided case and because the State of Mississippi has stated its intent not to request a rehearing on behalf of the Movants or any other potential Respondents in the State. Intervention by Movants is required so that it can protect its own interests in the outcome of any rehearing, if granted, and offer additional relevant facts and law. Movant has attached its Motion for a Rehearing to this pleading.

### ARGUMENT

The Movants, the Mississippi Early Voting Initiative 78, hereinafter "MEVI78" and Dr. David B. Allen, sponsor of Initiative 77, or Movants, should be allowed to Intervene in the instant case.

This Court has recognized that the appellate courts may grant intervention and in a case such as this, Mississippi Rule of Civil Procedure 24 is applicable. Although there is no appellate rule that specifically addresses intervention, this Court has stated that, like other rules not addressed in the Mississippi Rules of Appellate Procedure, other rules may be applicable. *See City of Jackson v. United Water Services, Inc.*, 47 So.3d 1160 (2010). In City of Jackson, when this Court upheld a trial court's decision to deny intervention to a would-be party, it stated that other Rules, including the Mississippi Rules of Civil Procedure, can be applicable in an appealed case, including the one before it. In that case, the winning bidder had sought to intervene in the appeal. The lower court denied the intervention, ruling that because the Rules of Appellate Procedure do not address Intervention, there can be no intervention. This Court vigorously disagreed, finding that the Mississippi Rules of Civil Procedure, as well as other rules, can still

2

apply when matters are not addressed specifically by the appellate rules, stating "[t]his Court agrees that the Rules as enumerated in the Comment [Mississippi Rules of Civil Procedure, Mississippi Rules of Evidence, etc.] can be applicable in an appealed case." *Id*. P. 1163. Though this Court upheld the lower court's denial of a Motion to Intervene, it specifically stated in its ruling that "the right result reached for the wrong reason will not be disturbed on appeal" thus specifically preserving the rights of Movants to intervene in appellate cases where the facts and the law of the case merit it, as in the instant case. Ibid.

Accordingly, Mississippi Rule of Civil Procedure 24(b)(2) provides that this Court may permit intervention on timely application by an applicant "when an applicant's claim or defense and the main action have a question of law or fact in common." M.R.C.P. Rule 24(b)(2)). The rule does not set forth any time limits. Movants' motion to intervene is timely and involves the same set of facts and law as those addressed in this Court's decision in the instant case, as discussed in more detail below.

A. Movants' Motion is Timely. The judgment in this case is not yet final as per Mississippi Rule of Appellate Procedure 41 which states that the mandate of the Supreme Court shall not issue prior to 21 days after the entry of judgment. This judgment was rendered on May 14, 2021. Therefore, at this stage, intervention is permissible. Indeed, in *Hayes v. Leflore Board of Supervisors*, this Court recognized a prior case where petitioners were allowed to intervene 140 days after entry of judgment for the purposes of having a default judgment vacated. *Hayes v. Leflore County Bd. Of Supervisors*, 935 So.2d 1015 (Miss. 2006) *citing Guaranty National Ins. Co. v. Pittman*, 501 So.2d 377 (Miss. 1987). This Court must grant intervention for purposes of requesting a rehearing

and to raise new and pertinent law and facts to protect the fundamental rights and interests of the would-be intervenors.

B. The Movants have a Substantial Legal Interest in the Subject Matter of This Case. Movant MEVI78 filed Ballot Initiative 78 on April 1, 2021. On May 26th, MEVI78 Sponsor, Representative Hester Jackson-McCray spoke with Mr. Kyle Kirkpatrick, who is the lead election attorney for the Office of the Mississippi Secretary of State, who stated that he is waiting for proof of publication from the press association which he expected to receive at the end of the week (May 28, 2021), and then he will send Jackson-McCray a certified letter to begin collecting signatures. This decision invalidating Initiative 65 also threatens to invalidate MEVI78's own ballot initiative, Ballot Initiative number 78.

Movant Dr. Allen's initiative, Initiative number 77, was officially filed on January 21, 2021. Initiative 77's sponsor, the undersigned Dr. David Allen, has corresponded with the Office of the Mississippi Secretary of State on several occasions and is waiting for proof of publication from the press association which that office expected to receive soon. Once said proof is received, Dr. Allen will receive a certified letter to begin collecting signatures as well.

This decision invalidating Initiative 65 also threatens to invalidate MEVI78's own ballot initiative, Ballot Initiative number 78 and Dr. David B. Allen's initiative number 77.

C. Intervention in this Case is Necessary to Protect the Rights and the Interests of the Movants. MEVI 78 and Dr. Allen have worked on their ballot initiatives for several

4

months, investing time and money in order to be able to bring these initiatives to the voters for their consideration and approval. Though not parties to the instant case, the Court stated in its May 14, 2021 opinion striking down Ballot initiative 65 that Section 273, the people's entire citizen sponsored ballot initiative, has been rendered null and void due to a technicality. MEVI78 and Dr. Allen believe this case was wrongly decided and seek to submit additional facts and law to the record for this Court's due consideration.

D. There is insufficient Evidence to show that the current Parties are Interested in Pursuing or Protecting the Rights and the Interests of the Voters of the State of Mississippi. Indeed, it appears the parties are opposed to the rights of the voters and it falls to the Movants to implore this Court to uphold the Mississippi Constitution. The Court's decision in this case has voided a fundamental right granted to Mississippi electors who have voted from 1992 to the present as well as to all those electors who will vote into the foreseeable future. Specifically, the decision has unconstitutionally disenfranchised those who voted to approve Section 273 in 1992; it has unconstitutionally disenfranchised the legislators who drafted and approved Section 273 in 1990-1991; it has unconstitutionally disenfranchised those electors who successfully passed every ballot initiate approved since 2001 which are arguably now in jeopardy; it has unconstitutionally disenfranchised the electors who approved Ballot Initiative 65 in 2020. The Secretary of State failed to raise all valid defenses, both legal and factual, that could have led to a different decision being rendered had those arguments been received by this Court. Intervention is especially and urgently warranted because since the decision, the State of Mississippi has failed to show any interest in protecting the rights of its citizens

5

and defending our rights as granted by Section 273. Indeed, the State has today stated it will not request a rehearing. In its decision, this Court recommended that the legislature "fix" what it calls an administrative error in Section 273 of the Mississippi Constitution. The Court also speculated that this allegedly fatal flaw was possibly an intentional act by the legislature at the time. There is no evidence of an intent to speculatively cause parts of Constitution Section 273 to self-destruct, either on the part of the author of the bill, who was not asked by any party to express his intent, on the part of the legislature, or on the part of the electors who approved the measure and who have equal rights and standing in this matter as per Section 273. This would indeed be an absurdly speculative self-destructive plan because there was no certainty that any change in our allotment of Congressional Districts, would ever occur, nor was there any knowledge that the leadership of a latter legislature whose would refuse to allow the so-called and so-deemed necessary "fix" to take place, thus intentionally violating the rights of the other necessary author and grantor of this right, the 1992 electors. Therefore, because the State is declining to vigorously pursue and defend the rights of all of its people, those past, present, and future, in addition to those of MEVI78 and all other pending ballot initiatives, this intervention is urgently necessary.

CONCLUSION

For the foregoing reasons, Movants MEVI78 and Dr. David B. Allen request that the Court grant their Motion to Intervene.

Respectfully submitted, this the 28th Day of May 2021.

MEVI 78

By: S/Aphrodite Kavyas McCarthy

Aphrodite Kavyas McCarthy
MSB #100353
22332 Freddie Frank Road
Long Beach, MS 39560
Tel: 228-452-9943
dita.mccarthy@gmail.com

DR. DAVID B. ALLEN, M.D.

By: S/Dr. David Allen

Dr. David B. Allen, M.D.
13013 Highway 613
Moss Point, MS 39562
916-826-7489
Cali215doc@gmail.com