IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON, MISSISSIPPI

| | |
|---|---|
| JOHN ROBERT SMITH, SHIRLEY HALL AND GENE WALKER | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:01-CV-855-HTW-DCB |
| DELBERT HOSEMANN, Secretary of State of Mississippi; JIM HOOD, Attorney General for the State of Mississippi; HAYLEY BARBOUR, Governor of the State of Mississippi; MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE; and, MISSISSIPPI DEMOCRATIC EXECUTIVE COMMITTEE | DEFENDANTS |
| and | |
| BEATRICE BRANCH, RIMS BARBER, L.C. DORSEY, DAVID RULE, JAMES WOODWARD, JOSEPH P. HUDSON and ROBERT NORVEL | INTERVENORS |

CONSOLIDATED WITH

| | |
|---|---|
| KELVIN BUCK, ET AL. | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:11-CV-717-HTW-LRA |
| HALEY BARBOUR, ET AL. | DEFENDANTS |

**BRIEF IN SUPPORT OF RESPONSE OF THE MISSISSIPPI SECRETARY
OF STATE TO PROPOSED INTERVENORS' MOTION TO INTERVENE**

    This decades old action concerns the drawing of United States Congressional districts to comply with the one-man, one-vote principle of the Equal Protection Clause as a *federal constitutional matter*. It has nothing to do with *state constitutional rights* under the Mississippi Constitution to initiate a referendum, the subject about which the proposed Intervenors are seeking to intervene. While the Secretary of State joins and adopts the arguments put forth by the other parties opposing the intervention, he writes separately here to address the proposed

04008826

Intervenors' arguments regarding the factors applicable to intervention as of right or by permission. Contrary to the proposed Intervenors' assertions, the factors do not support intervention.

**Preliminary Statement**

This action was originally filed by John Robert Smith, Shirley Hall, and Gene Walker against Defendants Eric Clark, et al. in relation to the U.S. Congressional elections in the wake of the 2000 Census. The Census resulted in the loss of a Congressional seat, and the Mississippi Legislature had last drawn Congressional districts in 1991. *See* Miss. Code Ann. § 23-15-1037. The Legislature did not act to redraw the Congressional lines to represent four districts, and therefore this Court did so in a February 4, 2002 Order. On February 26, 2002, the Court entered an injunction that permanently enjoined the use of the five districts that existed in statute for future elections. The same situation presented itself again ten years later after the 2010 Census, and on December 30, 2011, this Court entered a Final Judgment providing for four newly drawn Congressional districts to represent population shifts. All of the above were *federal constitutional disputes*. The initiative process in Article 15, Section 273(3) of the Mississippi Constitution – *a state constitutional matter* – was not an issue.

The proposed Intervenors are trying to make it an issue in this action in which it is not one, and in the process ask a federal court to tell the Mississippi state courts how to interpret and resolve state constitutional disputes that do not involve federal constitutional issues. These proposed Intervenors are Hester Jackson McCrary, Kelly Jacobs, and a non-profit named Mississippi Early Voting Initiative. They are sponsors of proposed 10-day early voting measure that is alternatively referred to in filings as Initiative Measure 78, Mississippi Early Voting Initiative 78, or MEVI 78. They are seeking to intervene in order to amend the Court's December

30, 2011 Final Judgment pursuant to Rule 60(b)(6). They should be denied the right to do so for all the reasons stated in the briefs of the parties opposing intervention, and because they fail to meet the requirements for intervention as set forth below.

## Argument

### A. Intervention as of Right

The proposed Intervenors do not meet the requirements to intervene as of right. Rule 24(a)(2) provides a party may intervene as of right when a timely motion is made that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994), the United States Court of Appeals for the Fifth Circuit articulated the four requirements that must be met under Rule 24 for intervention as of right as follows:

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Id*.

### 1. The proposed Intervenors waited too long to attempt to intervene in this action.

The Motion to Intervene is untimely. The proposed Intervenors pin their need to intervene to the Mississippi Supreme Court's decision in *Initiative Measure No. 65: Mayor Butler v. Watson*, No. 2020-IA-0019-SCT, 2021 WL 1940821 (Miss. May 14, 2021). They have waited over six months to file this Motion, and during this time the Legislative and Executive Branches of the Mississippi Government have spent extensive time and resources exploring ways

to resolve the issue of protecting the initiative process and to address the aftermath of the invalidity of Initiative 65 as determined by the Mississippi Supreme Court. Even if a federal forum were the correct one in which to litigate a state constitutional matter, and it obviously is not, it is untimely in any event. Intervention here at this point would only complicate and impede the efforts of state officials that have been well underway. These considerations make this intervention is timely.

2. **Proposed intervenors do not have a substantial legal interest in the subject matter of the case.**

The proposed Intervenors cannot establish that they have an interest in this matter that is "direct, substantial, [and] legally protectable." *Espy*, 18 F.3d at 1207 (quoting *Piambino v. Bailey*, 610 F.2d 1306, 1321 (5th Cir.) (citations omitted), cert. denied, 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980). The subject matter of this case is Congressional elections and compliance with the one-man, one vote principle of the Equal Protection Clause, and by their own admission, "Proposed Intervenors do not seek to overturn any election results or to modify in any way the Court's congressional redistricting plan." Docket No. 131-1 at pg. 2. Stated differently, this case is a federal constitutional dispute. Proposed Intervenors stated "interest" is "preserving and protecting their [state] constitutional initiative petition rights. . . ." *Id*. at 2-3. This case has nothing to do with state constitutional rights concerning the initiative process of Section 273 of the Mississippi Constitution. Thus, the proposed Intervenors have admitted they have no legal interest in the subject matter of this case.

3. **Intervention is not necessary to protect the proposed Intervenors' interest.**

The proposed intervenors have not established that the "applicant [is] so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest." *Espy*, 18 F.3d at 1207. Again, this matter does not involved state constitutional rights

under Section 273 of the Mississippi Constitution, and any such matter is one for the Mississippi courts to decide.

  4. **Whether existing parties can or will protect the proposed Intervenors' interest is irrelevant because the matter does not involve interests applicable to them.**

The last requirement for intervention as of right is that the proposed intervenor must establish that "the applicant's interest must be inadequately represented by the existing parties to the suit." Fed. R. Civ. P. 24. The proposed Intervenors' interests are not at issue in the suit, and therefore the question of whether they are adequately represented is a misplaced question under these circumstances. Because the proposed Intervenors cannot meet *any* of the four requirements for intervention as of right, their intervention should be denied on this basis.

  B. **Permissive Intervention**

The proposed Intervenors should also not be permitted to intervene by permission. Rule 24(b)(1)(b) provides for intervention by permission when the proposed intervenor has "a claim or defense that shares with the main action a common question of law or fact." The proposed Intervenor's early voting Initiative Measure 78 and whether it can go forward does not have common questions of law or fact with the underlying action, which, again, pertains to Congressional elections and the Equal Protection Clause as a federal constitutional matter. The proposed Intervenors correctly point to Rule 24(b)(3) as a guide for how the Court should exercise its discretion, but it too militates against intervention. It states that "[i]n exercising discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." This intervention, if permitted, will serve to burden the parties to the action with briefings, hearings, and arguments about matters that are entirely irrelevant to issues that are relevant to Congressional elections. A successful intervention here would also likely result in new and expensive additional litigation outside of this forum to

address issues that have already been addressed. It is unhelpful to the proposed Intervenors or otherwise for this Court to tell the Mississippi courts how its opinions should apply as a matter of Mississippi constitutional law. Therefore, the proposed Intervenors should be barred from intervening by permission.

## Conclusion

The proposed Intervenors are untimely in seeking to intervene, and perhaps more importantly, they are asking a federal court to resolve a state constitutional dispute. This is improper and they should be barred from intervening.

Respectfully submitted,

**MICHAEL WATSON,**
  **Secretary of State of Mississippi**

By: */s/ William Trey Jones, III*

OF COUNSEL:
William Trey Jones, III, MSB No. 99185
Matthew W. Allen, MSB No. 101605
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street, Suite 100
Jackson, Mississippi  39201
Telephone:  (601) 948-3101
Telecopier:  (601) 960-6902
tjones@brunini.com
mwallen@brunini.com

**ATTORNEY FOR MICHAEL WATSON,**
 **SECRETARY OF STATE OF MISSISSIPPI**

04008826                                6

## **CERTIFICATE OF SERVICE**

      I, William Trey Jones, III hereby certify that I electronically filed the above and foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

      Dated: November 22, 2021

                                          */s/ William Trey Jones, III*