**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**JOHN ROBERT SMITH, SHIRLEY HALL
AND GENE WALKER**                                                 **PLAINTIFFS**

**VS.**                                         **Civil Action No. 3:01-cv-855-HTW-DCB**

**DELBERT HOSEMANN, Secretary of State of
Mississippi; JIM HOOD, Attorney General for the State of
Mississippi; HALEY BARBOUR,
Governor of the State of Mississippi; MISSISSIPPI
REPUBLICAN EXECUTIVE COMMITTEE; and
MISSISSIPPI DEMOCRATIC EXECUTIVE
COMMITTEE**                                                     **DEFENDANTS**

**and**

**BEATRICE BRANCH, RIMS BARBER,
L.C. DORSEY, DAVID RULE,
JAMES WOODWARD, JOSEPH P. HUDSON,
and ROBERT NORVEL
INTERVENORS**

**CONSOLIDATED WITH**

**KELVIN BUCK, ET AL.**                                                   **PLAINTIFFS**

**VS.**                                                 **Civil Action No. 3:11-cv-717-HTW-LRA**

**HALEY BARBOUR, ET AL.**                                            **DEFENDANTS**

### MEMORANDUM OF AUTHORITIES OF THE MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE IN OPPOSITION TO MOTION TO INTERVENE

Over twenty years after this action was filed, a group of proposed intervenors have moved to be admitted as plaintiffs [Dkt. #145] so as to amend the final judgment entered almost a decade ago, on December 30, 2011. [Dkt. #128]. The Mississippi Republican Executive Committee, one of the original defendants in this action, joins with other defendants in asking that the motion be overruled.

In order to minimize the burden on this Court, the Republican Committee incorporates herein by reference the introduction and the preliminary factual statement contained in the memorandum filed on behalf of Governor Tate Reeves and Attorney General Lynn Fitch by General Fitch.

### ARGUMENT

**I.    PLAINTIFFS LACK A SUFFICIENT INTEREST FOR INTERVENTION.**

Proposed intervenors acknowledge that they must demonstrate "an interest that is concrete, personalized, and legally protectable." *Texas v. United States*, 805 F.3d 653, 658 (5th Cir. 2015). Their motion seems to identify their supposed interest as their "initiative petition rights under article 15 section 273 (3) of their State's Constitution of 1890." [Dkt. #145 at 2]. However, they fail to identify anything that any party to this litigation has done to threaten that supposed interest, nor do they seek any relief against any party that could protect that interest.

This is a case about Congressional elections in Mississippi. The two political parties are responsible for conducting primary nominations for Congress, and the three elected officials who make up the State Board of Election Commissioners are responsible for general elections.

Plaintiffs are voters who sued those defendants to enjoin them from conducting elections under a five-district plan which had become illegal as a matter of federal law.  They asked this Court to impose a four-district plan consistent with federal law [Dkt. #1 at 6 ¶4], and another group of voters intervened to contest the precise outlines of that relief.  Nothing in any of the pleadings had anything to do with § 273(3) of the Mississippi Constitution.

The proposed intervenors claim to seek recognition as plaintiffs [Dkt. #145 at 2], but they specify no relief that they seek against any defendant.  This is highly significant, because Rule 24(c) requires them to submit "a pleading that sets out the claim or defense for which intervention is sought."  Instead of a pleading, they have submitted a proposed motion under Fed. R. Civ. P. 60(b)(6) to amend this Court's final injunction of December 30, 2011.[1]  Their inability to file a complaint consistent with Rule 24(c), alleging how any party to this action has injured them or can cure that injury, illustrates their lack of an interest in this litigation

The Fifth Circuit in *League of United Latin American Citizens v. Clements*, 884 F.2d 185 (5th Cir. 1989), a voting rights case, has explained that a proposed intervenor must demonstrate some causal connection to the injury being considered.  Plaintiffs sued the Governor and other state officials to divide Midland County into three districts to elect judges separately, and the County sought to intervene.  The Court found that the County "was not a 'real party in interest' because it played no part in creating judicial districts – the action that has allegedly injured the plaintiffs." *Id.,* at 187.  The Court denied intervention because "Midland couldn't have caused the injury, nor is it in any position to effect a remedy." *Id*.

---

[1] Rule 24(c) says the motion "must . . . be accompanied by a pleading."  A motion is not included in the list of pleadings in Fed. R. Civ. P. 7(a).

Midland County at least wanted to be heard on the redistricting issue presented by the complaint, but it could neither cause nor alleviate any injury of any party. These proposed intervenors express no interest whatsoever in the redistricting decision which this Court has had under consideration for two decades. They do not claim that any party caused their injury, or that any party can provide a remedy for their injury. There has long existed a justiciable case or controversy among the existing parties, but these proposed intervenors do not assert any claim or defense, justiciable or otherwise, against any party.

Instead, they assert a claim against this Court. "If the Mississippi Legislature is forbidden from in any way restricting or impairing Mississippians' section 273(13) initiative petition rights, the federal judiciary is as well." [Dkt. #133 at 2]. Their injury, they assert, was inflicted, not by the parties, but by this Court. Not surprisingly, they identify no case in which intervention has been granted under such circumstances.

Indeed, it is not even clear that the proposed intervenors attribute their injury to this Court. They acknowledge that this Court "address[ed] in isolation the legal issue necessitating a redrawn districting plan for Mississippi." [Dkt. #134 at 10]. They do not and cannot allege that this Court said anything at all about § 273, because that issue was never placed before it. Instead, they complain that "the Mississippi Supreme Court relied on the court-drawn plans of this federal court's three-judge panel" in ruling on their supposed rights under § 273. [Dkt. #134 at 5].

In the very case upon which the proposed intervenors rely, the Fifth Circuit acknowledged that a party cannot intervene in one case because of an influence it might have in another. "[O]ne must have more of a stake in the proceeding than simply a concern with the general precedent value of the decision in wholly unrelated litigation . . . ." *Texas*, 805 F.3d at 658 n.3, quoting David L. Shapiro*, Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators*, 81

4

Harv. L. Rev. 721, 729 (1968).  The prospect that another Court might find persuasive a decision of this Court does not create the sort of interest needed for intervention under Rule 24.[2]

Indeed, proposed intervenors tacitly acknowledge that their real dispute lies elsewhere. "[T]he alternative to intervention is a separate action by the Proposed Intervenors." [Dkt. #134 at 11].  Certainly, the proposed intervenors could have no cause of action against either of the political parties, which have no role whatsoever to play in the administration of § 273.  As they have not submitted the pleading required by Rule 24(c), it is hard to imagine what claim they could have against any other party to this case.  As they believe their supposed injury has been inflicted by another Court, they should go to another Court for relief.  They have no interest in this litigation.

## II.  THE PROPOSED INTERVENORS FAIL TO SATISFY THE OTHER REQUIREMENTS FOR INTERVENTION UNDER RULE 24.

The Republican Committee further submits that the proposed intervenors have failed to meet the other requirements of Rule 24, substantially for the reasons set forth in the brief filed on behalf of Secretary of State Michael Watson.

---

[2] To be sure, the Fifth Circuit has acknowledged that, in extreme circumstances, the prospective effect of stare decisis may justify intervention.  In *Atlantis Dev. Corp. v. United States*, 379 F.2d 818 (5th Cir. 1967), the proposed intervenor and the defendant each claimed ownership of property claimed by the United States.  The Court explained that a judgment in favor of the United States, affirmed on appeal by the Fifth Circuit, would, as a practical matter, bar the claim of the intervenor.  The intervenor in a separate suit could establish its right to the property only by "secur[ing] a rehearing en banc with a successful overruling of the prior decision or, failing in either one or both of those efforts, a reversal of the earlier decision by the Supreme Court on certiorari." *Id.*, at 828.  The Court emphasized, however, that it was not "requiring intervention of right in every conceivable circumstance where . . . an earlier decision might afford a substantial obstacle." *Id.*, at 829.  Here, of course, the Fifth Circuit cannot review any injunction issued by this Court, and, in any event, the Supreme Court of Mississippi is not bound by the Fifth Circuit's rulings, particularly on matters of Mississippi law. *Holmes v. Campbell Props, Inc.*, 47 So.3d 721, 727 (Miss. 2010); *Sperry-New Holland v. Prestage*, 617 So.2d 248, 256 (Miss. 1993).

**III.    THE PROPOSED INTERVENORS LACK STANDING TO PURSUE THEIR CLAIM.**

The Republican Committee further asserts that the proposed intervenors lack standing to pursue their claim, substantially for the reasons set forth in the brief filed on behalf of Governor Reeves and General Fitch.

### CONCLUSION

For all these reasons, the motion for leave to intervene should be overruled.

RESPECTFULLY SUBMITTED, this the 22nd day of November, 2021.

> **MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE**
>
> By:    */s/ Michael B. Wallace*
>          MICHAEL B. WALLACE

**OF COUNSEL:**

Michael B. Wallace (MSB #6904)
Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Ph: (601) 968-5500
Fax: (601) 968-5519
mbw@wisecarter.com
cec@wisecarter.com

## CERTIFICATE OF SERVICE

I, Michael B. Wallace, one of the attorneys for the Mississippi Republican Party Executive Committee, do hereby certify that I have this date filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record with ECF.

**SO CERTIFIED**, this the 22nd day of November, 2021.

>                    /s/ Michael B. Wallace
>                    MICHAEL B. WALLACE