# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

| | |
|---|---|
| JOHN ROBERT SMITH, SHIRLEY HALL AND GENE WALKER | **PLAINTIFFS** |
| VS. | Civil Action No. 3:01-cv-855-HTW-DCB |
| DELBERT HOSEMANN, Secretary of State of Mississippi; JIM HOOD, Attorney General for the State of Mississippi; HALEY BARBOUR, Governor of the State of Mississippi; MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE; and MISSISSIPPI DEMOCRATIC EXECUTIVE COMMITTEE | **DEFENDANTS** |

**and**

| | |
|---|---|
| BEATRICE BRANCH, RIMS BARBER, L.C. DORSEY, DAVID RULE, JAMES WOODWARD, JOSEPH P. HUDSON, and ROBERT NORVEL | **INTERVENORS** |

### CONSOLIDATED WITH

| | |
|---|---|
| KELVIN BUCK, ET AL. | **PLAINTIFFS** |
| VS. | Civil Action No. 3:11-cv-717-HTW-LRA |
| HALEY BARBOUR, ET AL. | **DEFENDANTS** |

### ORAL ARGUMENT REQUESTED

## MOTION TO VACATE INJUNCTION
## AND FOR OTHER RELIEF

COMES NOW, the Mississippi Republican Executive Committee ("Republican Party"), one of the defendants in these consolidated actions, and moves this Court, pursuant to Fed. R. Civ. P. 60(b)(5), to establish a procedure and schedule to vacate the injunction contained in its final judgment of December 30, 2011 [Dkt. #128], and to consider whether the redistricting plan adopted by the Mississippi Legislature in 2022 Miss. Gen. Laws Ch. _____ (H.B. 384),[1] satisfies all state and federal statutory and constitutional requirements, and would show unto the Court in support thereof the following:

1. The current judgment enjoins all defendants to conduct congressional elections in Mississippi according to a four-district plan devised by this Court "until such time as the State of Mississippi produces a constitutional congressional redistricting plan that is precleared in accordance with the procedures in Section 5 of the Voting Rights Act of 1965." [Dkt. #128 at 2]. All defendants remain bound to obey that injunction until this Court should order otherwise. For two reasons, this Court must now reconsider what injunction, if any, should be in effect. First, the Legislature has adopted and the Governor has signed a new four-district plan, so this Court should determine whether the State has satisfied the conditions set out in the final judgment. Second, in any event, the 2020 census demonstrates that the districts specified in the final judgment have become malapportioned over time.

---

[1] A copy of the new statute, as sent to Governor Reeves, is attached hereto as Exhibit 1.

2. After the 2000 census, federal law reduced Mississippi's delegation in the House of Representatives from five Representatives to four Representatives. However, the Mississippi Legislature did not adopt a new four-district plan, leaving in place the five-district plan established by Miss. Code Ann. § 23-15-1037.

3. This Court therefore ordered into place a four-district plan which satisfied all state and federal statutory and constitutional requirements. *Smith v. Clark*, 189 F. Supp. 2d 529 (S.D.Miss. 2002), *aff'd sub nom. Branch v. Smith*, 538 U.S. 254 (2003).

4. After the 2010 census, it became apparent that the districts created by this Court's injunction had become malapportioned, but the Legislature still failed to adopt a new plan. This Court therefore modified its prior injunction by issuing a new injunction which satisfied all state and federal statutory and constitutional requirements and which would remain in place "until such time as the State of Mississippi produces a constitutional congressional redistricting plan that is precleared in accordance with the procedures in Section 5 of the Voting Rights Act of 1965." [Dkt. #128 at 2].

5. The 2020 census has made it apparent that the districts created by this Court's current injunction have become malapportioned. Although Mississippi's population has changed very little in ten years, the distribution of that population has changed substantially. District 2 is now almost 65,000 people short of having one-quarter of the population, while District 4 has over 37,000 too many people.[2]

6. The Legislature has responded to the new census by adopting a statute which creates a new four-district plan. 2022 Miss. Gen. Laws Ch. _____ (H.B. 384). That plan achieves

---

[2] Attached hereto as Exhibit 2 is a map prepared for the Mississippi Legislature which displays the 2020 population variances among the four current districts.

substantial population equality as required by the Equal Protection Clause of the Fourteenth Amendment.[3] This Court must therefore determine whether to issue a new injunction to replace the old malapportioned plan or to allow the new statutory plan to go into effect. It should now establish a procedure for determining whether the new statutory plan has satisfied the final judgment's requirement for "a constitutional congressional redistricting plan" which may be enforced under the Voting Rights Act. [Dkt. #128 at 2].

7. In 2011, after completion of briefing on the motion which called the malapportionment to the Court's attention [Dkt. #92], the Court ordered the conduct of a status conference, at which the parties would address "whether it is appropriate for this panel to hear and determine the redistricting claims . . . and, if appropriate, to outline generally the redistricting problems that are presented by the 2010 Census." [Dkt. #105]. The minute entry reflects that the Court set a schedule for the parties to comment on the plan proposed in *Buck* [Dkt. #6-5], since consolidated herewith. [Dkt. #116]. Later, the Court proposed its own plan and set a schedule for the parties to comment thereon. [Dkt. #118]. The Court determined that it had authority to act [Dkt. #127 at 8-11], and, after a hearing, it ordered its plan into effect. [Dkt. #128]. A total of 52 days elapsed between the order setting the status conference and the imposition of the final judgment, but only 11 days between the Court's announcement of its plan and the imposition of final judgment. Here, the Legislature has already enacted a plan to be considered.

8. As this Court has done with its prior injunctions, it should convene a hearing and invite the parties to state their views on whether the new statutory plan "satisf[ies] all state and

---

[3] Attached hereto as Exhibit 3 is a map displaying the new statutory plan, together with demographic statistics.

federal statutory and constitutional requirements." *Smith v. Clark*, 189 F. Supp .2d 512 (S.D.Miss. 2002); [Dkt. #118]. In particular, the Court should request briefing to include the following issues:

    A.    Whether the State of Mississippi has produced a constitutional congressional redistricting plan that satisfies all state and federal constitutional requirements, thus satisfying the conditions of the final judgment.

    B.    Whether the districts mandated by the final judgment now are unconstitutionally malapportioned, thus rendering it inequitable that the final judgment should remain in effect.

The Republican Party suggests that the Court may wish to invite non-parties to submit any legal objections they may have to the new statute so that this Court may "consider within a single action all issues relating to the . . . apportionment plan." *Jackson v. De Soto Parish Sch. Bd.*, 585 F.2d 726, 730 n.1 (5th Cir. 1978).

9.    The Republican Party suggests the need for expedition in this matter because the qualifying deadline to run for the House of Representatives is March 1, 2022. This Court should order that responses to this motion be filed within 7 days and any rebuttal within 3 days thereafter.

WHEREFORE, PREMISES CONSIDERED, the Mississippi Republican Executive Committee respectfully prays that this Court will establish a schedule and procedure for determining whether to vacate its current injunction and whether Miss. Gen. Laws Ch. ___ (H.B. 384) satisfies all state and federal statutory and constitutional requirements.

RESPECTFULLY SUBMITTED, this the 24th day of January, 2022.

                      **MISSISSIPPI REPUBLICAN PARTY**
                      **EXECUTIVE COMMITTEE**

                By:    */s/ Michael B. Wallace*
                         MICHAEL B. WALLACE

OF COUNSEL:

Michael B. Wallace (MSB #6904)
Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Ph: (601) 968-5500
Fax: (601) 968-5519
mbw@wisecarter.com
cec@wisecarter.com

### CERTIFICATE OF SERVICE

I, Michael B. Wallace, one of the attorneys for the Mississippi Republican Party Executive Committee, do hereby certify that I have this date filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record with ECF.

**SO CERTIFIED**, this the 24th day of January, 2022.

>                                    */s/ Michael B. Wallace*
>                                    MICHAEL B. WALLACE