## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JOHN ROBERT SMITH, SHIRLEY HALL**
**AND GENE WALKER**                                                                      **PLAINTIFFS**


**VS.**                                                    **Civil Action No. 3:01-cv-855-HTW-DCB-EGR**


**DELBERT HOSEMANN, Secretary of State of**
**Mississippi; JIM HOOD, Attorney General for the State of**
**Mississippi; HALEY BARBOUR,**
**Governor of the State of Mississippi; MISSISSIPPI**
**REPUBLICAN EXECUTIVE COMMITTEE; and**
**MISSISSIPPI DEMOCRATIC EXECUTIVE**
**COMMITTEE**                                                              **DEFENDANTS**


**and**


**BEATRICE BRANCH, RIMS BARBER,**
**L.C. DORSEY, DAVID RULE,**
**JAMES WOODWARD, JOSEPH P. HUDSON,**
**and ROBERT NORVEL**
**INTERVENORS**

### CONSOLIDATED WITH

**KELVIN BUCK, ET AL.**                                                              **PLAINTIFFS**


**VS.**                                                    **Civil Action No. 3:11-cv-717-HTW-LRA**


**HALEY BARBOUR, ET AL.**                                                    **DEFENDANTS**

### ORAL ARGUMENT REQUESTED

_____

**RESPONSE OF THE PLAINTIFFS, KELVIN BUCK, THOMAS PLUNKETT, JEANETTE SELF, CHRISTOPHER TAYLOR, JAMES CROWELL, CLARENCE MAGEE, AND HOLLIS WATKINS, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, OPPOSING THE MOTION OF THE DEFENDANT, REPUBLICAN PARTY EXECUTIVE COMMITTEE, TO VACATE INJUNCTION AND FOR OTHER RELIEF**

COME NOW the plaintiffs, Kelvin Buck, Thomas Plunkett, Jeanette Self, Christopher Taylor, James Crowell, Clarence Magee, and Hollis Watkins, on behalf of themselves and all others similarly situated ("the Buck plaintiffs"), pursuant to Fed. R. Civ. P. 60(b)(5), and files their response opposing the defendant's, the Mississippi Republican Executive Committee's ("the Republican Party's"), motion to vacate injunction and for other relief filed on January 24, 2022. [Doc. No. 143]. The Republican Party requests the Court (1) to establish a procedure and schedule to vacate the injunction contained in the final judgment entered by the Court on December 30, 2011[1] and (2) to consider whether the redistricting plan adopted by the Mississippi Legislature and signed by the Governor in 2022, Miss. Gen. Laws Ch.____ (H.B. 384) ("the State Plan"), satisfies all federal and state statutory and constitutional requirements. The Buck plaintiffs respond to the Republican Party's motion as follows:

1.      On February 26, 2002, this Court entered a final judgment enjoining the use of Mississippi's then existing five congressional districts scheme because the number of congressional districts had been reduced from five to four after the 2000 Decennial Census.

2.      The Court ordered the defendants to implement the Court's congressional redistricting plan adopted on February 4, 2002 for all future congressional primary and general elections until the State of Mississippi produced "a constitutional congressional redistricting plan that had been precleared in accordance with the procedures in Section 5 of the Voting Rights Act

_____

[1] The final judgment is filed as Doc. No. 128.

of 1965." *Smith v. Hosemann*, 852 F. Supp.2d 757, 759 (S. D. Miss. 2011) (three-judge court).

3.     Importantly, the Court retained "jurisdiction to implement, enforce, and amend [its] order as shall be necessary and just." *Id*.

4.     On September 12, 2011, the Republican Party filed a motion, pursuant to Fed. R. Civ. P. 60(b)(5), requesting the Court to amend its 2002 final judgment on grounds that the judgment prospectively was no longer equitable.   The Republican Party asserted that the Mississippi Legislature had not produced a constitutionally acceptable and precleared congressional redistricting plan for use in the 2012 congressional elections.  The 2010 Decennial Census revealed that the then existing congressional districts were malapportioned.

5.     On November 21, 2011, the Buck plaintiffs, African American voters representing each of the State's four congressional districts, filed a class action complaint seeking equitable relief since the existing congressional districts were malapportioned.  The Court referred to this set of plaintiffs as the "Buck plaintiffs." On December 19, 2011, the Court consolidated the Buck plaintiffs' case with the 2001 lead case filed by the "Smith" plaintiffs in 2001.

6.     On December 30, 2011, the Court entered its opinion and final judgment holding (1) that the Court had jurisdiction, pursuant to Fed. R. Civ. P. 60(b)(5), to amend its February 26, 2002 final judgment; (2) that the existing congressional districting plan was unconstitutionally malapportioned; and (3) the remedy for that malapportionment was the use of the existing plan, "with only such modifications as were necessary to equalize the population among the four districts." *Smith v. Hosemann*, supra, at 764.  The Court then modified the 2002 redistricting plan and ordered use of the new modified plan in the 2012 and all future congressional elections.

7.     The Buck plaintiffs agree with the Republican Party that the Court's opinion and final judgment entered on December 30, 2011 "enjoins all defendants to conduct congressional elections in Mississippi according to a four-district plan [drawn by the Court] until such time as

the State of Mississippi produces a constitutional congressional redistricting plan that is precleared in accordance with the procedures in Section 5 of the Voting Rights Act of 1965." [Doc. No. 128 at 2].

8.      The Buck plaintiffs also agree that the defendants remain bound to obey the injunction issued by this Court on December 30,2011 until the Court orders otherwise.

9.      The Buck plaintiffs agree that the 2020 Decennial Census reveals that the current congressional districts are unconstitutionally malapportioned.[2]

10.     The Buck plaintiffs agree that the Legislature and Governor enacted a four-district congressional plan - the State Plan in 2022.   However, the plan was crafted for a racially discriminatory purpose, constitutes a racial gerrymander in violation of the Equal Protection Clause of the Fourteenth Amendment and the Fifteenth Amendment to the United States Constitution, and violates Section 2 of the Voting Rights Act of 1965 ("the VRA").[3]

11.     The Buck plaintiffs disagree that the Court should vacate its final judgment. Instead, the Court should amend its final judgment and injunction by enjoining use of the current districting scheme since it is unconstitutionally malapportioned.[4]   The Court should also enjoin use of the Mississippi Legislature's redistricting scheme because it was crafted for a racially discriminatory purpose,[5] constitutes a racial gerrymander, and violates Section 2 of the VRA. The Court should also issue a new prospective injunction requiring the defendants to use the alternative

---

[2] According to the 2020 Decennial Census, Mississippi has a total population of 2,961,279 persons.  Each congressional district should contain an ideal population of 740,320 persons.  Mississippi's Second Congressional District needs to gain 65,829 persons in order to have an idea population, and the state's Fourth Congressional District needs to lose 37,196 persons in order to have an ideal population.  The total range of population deviation percentage in the state's current districting scheme is 13.92%.  In order to comply with the equal population requirements of Article 1, Clause 2 of the United States Constitution, the Mississippi Legislature is required to make a good faith effort to achieve precise mathematical equality of the population among the state's congressional districts. *Karcher v. Daggett*, 462 U. S. 725 (1983); *Kirkpatrick v. Preisler*, 394 U. S. 526 (1969).

[3] 52 U. S. C.  Sec. 10301.

[4] A copy of the current congressional districting plan implemented by the Court on December 30,2011 is attached as Exhibit "A" and incorporated herein.

[5] A copy of the State Plan is attached as Exhibit "B" and incorporated herein.

redistricting plan submitted to the Mississippi Joint Congressional Redistricting and Legislative Reapportionment Committee ("the Joint Committee") on November 30,2021 by the Mississippi State Conference of the NAACP ("the NAACP"),[6] or a plan adopted by the Court.

12.    The Republican Party seemingly argues that an evidentiary hearing is unnecessary in this case.   The Buck plaintiffs disagree. An evidentiary hearing is necessary to determine whether the State Plan complies with the federal constitutional and statutory requirements as well as the requirements of state law and this Court's final judgment.

13.    On November 12, 2021, a notice was sent to all members of the Joint Committee informing them that the committee would meet in the New Capitol Building on November 19, 2021 to, *inter alia*, adopt criteria for congressional redistricting.[7]   The Joint Committee met on November 19, 2021 and adopted the following criteria for congressional redistricting: (a) "[d]istrict population should be as equal as practicable;" (b) each district should be contiguous; (c) the congressional plan should comply with all applicable federal and state laws "including Section 2 of the Voting Rights Act of 1965, as amended;" and (d) "[t]he Committee  should consider the neutral redistricting factors employed by the Court in *Smith v. Hosemann*."

14.    The neutral redistricting factors employed by the Court in *Smith v. Hosemann* were: (a) compactness; (b) avoid splitting county and municipal boundaries; (c) preserve, as much as possible, historical and regional interests; (d) maintain the major universities and military bases in separate districts; (e) place growth areas in separate districts; (f) avoid pitting incumbents against each other; and (g) keep the distance of travel within districts  "approximately the same as they were under the Court's 2002 Plan."  *Smith v. Hosemann*, supra, at 766-767.

---

[6] A copy of the NAACP Plan is attached as Exhibit "C" and incorporated herein.  The NAACP Plan was submitted to the Joint Committee on November 30, 2021.  The "Plan Type" listed in the Plan contains a clerical error.  The Plan Type lists "SC Congressional Districts" instead of "Mississippi Congressional Districts."  The calculations in the entire Plan, including on the pages containing the Plan Type, are accurate.

[7] A copy of the notice, with the redistricting criteria attached, sent to members of the Joint Committee is attached as Exhibit "D" and incorporated herein.

15.     Although the Joint Committee adopted racially neutral criteria for congressional redistricting, the Committee impermissibly subordinated the criteria to racial considerations when it crafted its redistricting plan in 2022.

16.     The NAACP submitted its proposed congressional redistricting plan to the Joint Committee on November 30, 2011.  The NAACP Plan does not subordinate racially neutral criterial to racial considerations, and the plan satisfies all of the Joint Committee's criteria, including the racially neutral criteria listed in *Smith v. Hosemann*, supra.

17.     Therefore, the Buck plaintiffs request an evidentiary hearing on the issue of whether the State Plan complies with the United States Constitution, Section 2 of the VRA, and the criteria adopted by the Joint Committee.

18.     The Buck plaintiffs agree that the Court should establish a procedure to determine whether the defendants have produced a constitutional congressional redistricting plan that complies with Section 2 of the VRA.[8]

19.     The Buck plaintiffs suggest that the Court invite parties and non-parties[9] to submit objections to the State Plan and offer alternative plans for the Court to implement on an interim basis until the State of Mississippi enacts a plan that is constitutional and complies with Section 2 of the VRA.  Since the congressional election process is underway with a candidate qualification deadline fast approaching, the Buck plaintiffs request that the Court enjoin the current plan, draft

---

[8] Although this Court's December 30, 2011 order and final judgment required the State of Mississippi to produce a constitutional redistricting plan that has been precleared under Section 5 of the VRA, recent decisions of this Court have held that Mississippi is no longer required to obtain Section 5 preclearance of any voting changes.  See *Thompson v. AG of Miss.*, 129 F. Supp.3d 430 (S.D. Miss. 2015) (three-judge court), *later case*, 2021 WL 3673108, 2021 U.S. Dist. LEXIS 155628 (2021).  Nevertheless, any congressional redistricting plan must still comply with Section 2 of the VRA if the *Thornburg v. Gingles* preconditions exist and the totality of the circumstances indicate vote dilution impede the ability of minority groups to elect candidates of their choice.  See *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399 (2006); *Cooper v. Harris*, 581 U.S.__, 137 S. Ct. 1455 (2017); *Jordan v. Winter*, 604 F. Supp. 807 (N.D. Miss. 1984) (three-judge court).

[9] The NAACP intends to file a separate lawsuit challenging the State Plan and offering an alternative plan or intervene in this case.

or adopt an interim plan that complies with all federal constitutional and statutory requirements to use for the 2022 elections, and schedule a trial or evidentiary hearing on the State Plan.

WHEREFORE, PREMISES CONSIDERED, the Buck plaintiffs respectfully request that the Court amend its order and final judgment entered on December 30, 2011 by: (1) enjoining use of the current congressional districting plan for congressional elections; (2) establish a schedule and procedure, including an evidentiary hearing or trial , for determining whether the State Plan is constitutional and/or violates Section 2 of the VRA; (3) extend the candidate qualification deadline and, if necessary, the primaries for congressional elections; or, alternatively, (4) order use of the NAACP Plan as an interim remedy while the Court conducts an evidentiary hearing, or the court fashion an interim plan; (4) allow congressional elections to proceed as scheduled; and (5), if the Court finds, after an evidentiary hearing, that the State Plan is unconstitutional and/or violates Section 2 of the VRA, then enjoin use of the State Plan  until the Mississippi Legislature remedies the violation.

The Buck plaintiffs also request such other equitable and general relief to which they may be entitled.

This the 1st day of February, 2022.

**RESPECTFULLY SUBMITTED,
KELVIN BUCK, ET AL., on Behalf of
Themselves and All Others Similarly
Situated,
PLAINTIFFS**

By:     */s/ Carroll Rhodes*
CARROLL RHODES

CARROLL RHODES, ESQ., MSB # 5314
LAW OFFICES OF CARROLL RHODES
POST OFFICE BOX 588
HAZLEHURST, MISSISSIPPI 39083
TELEPHONE: (601) 894-4323
FACSIMILE: (601) 894-1451
e-mail: crhode@bellsouth.net

JOHN L. WALKER, ESQ., MSB # 6883
WALKER LAW GROUP, PC
1410 LIVINGSTON LANE, SUITE A
POST OFFICE BOX 22849
JACKSON, MISSISSIPPI 39225-2849
TELEPHONE: (601) 948-4589
FACSIMILE: (601) 354-2507
e-mail: jwalker@walkergrouppc.com

E. CARLOS TANNER, III, ESQ.
MSB NO. 102713
TANNER & ASSOCIATES, LLC
POST OFFICE BOX 3709
JACKSON, MISSISSIPPI 39207
TELEPHONE: (601) 460-1745
FACSIMILE: (662) 796-3509
e-mail: carlos.tanner@thetannerlawfirm.com

COUNSEL FOR PLAINTIFFS
KELVIN BUCK, ET AL., on Behalf of
Themselves and All Others Similarly Situated

## **CERTIFICATE OF SERVICE**

I, Carroll Rhodes, one of the attorneys for the Buck plaintiffs do hereby certify that I have this date filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record with PACER/ECF.

This the 1st day of February, 2022.

*/s/ Carroll Rhodes*
CARROLL RHODES