BEFORE THE MISSISSIPPI ETHICS COMMISSION

AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI     COMPLAINANT

VS.     OPEN MEETINGS CASE NO. <u>M-21-014</u>

STANDING JOINT LEGISLATIVE COMMITTEE ON
REAPPORTIONMENT AND STANDING JOINT
CONGRESSIONAL REDISTRICTING COMMITTEE     RESPONDENT

## ORDER OF DISMISSAL

This matter came before the Ethics Commission through an Open Meetings Complaint filed by the American Civil Liberties Union of Mississippi against the Standing Joint Legislative Committee on Reapportionment and Standing Joint Congressional Redistricting Committee (the "committee").[1] The committee filed a response by and through its attorneys. The Ethics Commission has jurisdiction over this matter pursuant to Section 25-41-15, Miss. Code of 1972. The hearing officer presented a Recommendation of Dismissal to the Ethics Commission at its regular meeting held on February 4, 2022, and the commission issued this Order of Dismissal, in accordance with Rule 4.6, Rules of the Mississippi Ethics Commission.

### I. FINDINGS OF FACT

1.1    The committee is charged with proposing new congressional redistricting maps for adoption by the Mississippi Legislature following the 2020 Decennial Census. The complaint alleges members of the committee violated the Open Meetings Act on November 19, 2021, "when they reviewed the prospective U.S. congressional map after [the committee's] public meeting." The complaint contains the following more specific allegation:

> Chairman Beckett invited members of the Committee to his office to view the U.S. congressional map that would be, and was, offered to the public, voted on and adopted by the Committee on December 15, 2021. The map viewing, and any deliberation thereof, was public business and should have occurred in an open meeting or, at least, in a properly executed executive session.

1.2    The complaint further contends the committee could not possibly have produced a congressional redistricting map after holding only three committee meetings and nine public hearings over the course of six months. The complaint concludes the committee must have deliberated in secret and asks that the Ethics Commission expedite this case.

1.3    The committee filed a response citing Sections 5-3-91 and 5-3-121, Miss. Code of 1972, noting the committee is comprised of ten senators and ten representatives and explaining a quorum consists of at least six members of the House and at least six members of the Senate. The

---

[1] Although there are two committee names and two functions, the committees are comprised of the same members and are referred to collectively herein as "the committee." See Sections 5-3-91 and 5-3-121, Miss. Code of 1972.



EXHIBIT 9

committee also provided affidavits from Rep. Jim Beckett, the chairman of the committee, and from Sen. Dean Kirby, who serves as vice-chairman.

1.4     The affidavit of Sen. Kirby is particularly relevant to the only specific allegation in the complaint, that members of the committee reviewed the proposed congressional map after the committee meeting on November 19, 2021. Sen. Kirby acknowledges that after the committee meeting he and seven other senators briefly viewed a draft plan in his office but that no committee members from the House were present.

1.5     In his affidavit Rep. Beckett reports that on December 2, 2021, he and three other committee members from the House viewed two draft congressional redistricting plans "for approximately 15 minutes in a conference room in the Capitol." Both legislators aver these were the only times when multiple committee members assembled to review plans, outside of the twelve properly noticed public committee meetings acknowledged by both parties.

## II. CONCLUSIONS OF LAW

2.1     Section 25-41-5 of the Open Meetings Act mandates that all meetings of public bodies are public meetings and shall be open to the public. The term "public body" is defined in Section 25-41-3(a) and explicitly includes "any standing, interim or special committee of the Mississippi Legislature."

2.2     A "meeting" is an "an assemblage of members of a public body at which official acts may be taken upon a matter over which the public body has supervision, control, jurisdiction or advisory power." Section 25-41-3(b). A public body must strictly comply with the Act when a quorum assembles and discusses a matter under its supervision, control, jurisdiction or advisory power. Board of Trustees of State Insts. of Higher Learning v. Miss. Publishers Corp., 478 So.2d 269, 278-79 (Miss. 1985). "'[O]fficial acts' includes action relating to formation and determination of public policy." Gannett River States Pub. Corp., Inc. v. City of Jackson, 866 So.2d 462, 466 (Miss. 2004), quoting Bd. of Trustees at 278. Official acts, including deliberations, may only be taken when a quorum of the public body assembles. Gannett at 466.

2.3     The complainant filed a reply to the response arguing that a public body can violate the Open Meetings Act by engaging in deliberations which do not involve a quorum. As indicated by Gannett, above, that contention is incorrect. In Case No. M-14-001, the Ethics Commission found that sub-quorum gatherings of a county board of supervisors which aggregated to a quorum, also known as a piecemeal quorum, violated the Act. To be clear, that case involved a quorum of the board which was merely split into separate gatherings in an attempt to circumvent the Act.

2.4     In affirming a subsequent, similar decision of the Ethics Commission, the Mississippi Supreme Court held that "[p]rearranged, nonsocial gatherings on public business that are held in subquorum groups with the intent to circumvent the Act are required to be open to the public." City of Columbus v. The Commercial Dispatch, 234 So.3d 1236, 1240 (Miss. 2017). However, in that case, like the previous one, all members of the public body were involved, but they split the council into separate, sub-quorum groups with the intention of circumventing the Act. Columbus at 1238.

2.5     The Ethics Commission has also decided a number of Open Meetings cases in which the deliberation involved less than a quorum. In all those cases, the complaints were dismissed. See, for example, Cases No. M-20-008 (two members of a school board) and M-19-010 (mayor and one of five aldermen). In cases involving written exchanges among members of a public body, the commission has found a violation only in cases where one or more members addressed a quorum of the public body, and the commission has expressly stated "individual board members are free to communicate with other individual board members, so long as these communications do not involve a quorum of the public body." Case No. M-21-003 at p. 4, citing M-14-001. See also Cases No. M-21-005, M-17-012 and M-16-008.

2.6     In no case has the commission found a violation of the Act when less than a quorum of a public body was involved. Any such finding would be contrary to law since deliberations about a matter under the authority of a public body must involve a quorum of that public body in order to constitute a meeting in violation of the Open Meetings Act.

2.7     Accordingly, the sole question in this case is whether a quorum of the committee assembled, either at once or separately, and discussed a matter under its authority outside of a properly noticed public meeting. The committee has a total of twenty members, but a simple majority of the total membership is not sufficient to make a quorum. "A majority vote of the members of _each_ house shall be required on all votes by the committee." Section 5-3-91 and Section 5-3-121. (Emphasis added.) Therefore, the minimum number of committee members to establish a quorum is six from the Senate and six from the House.

2.8     Based on the sworn testimony presented in this case, eight senators gathered on November 19th and four representatives gathered on December 2nd to review congressional redistricting proposals. That number of members, when added together, does not constitute a quorum of the committee. Thus, no meeting of the committee was held, other than those which were properly noticed, and no violation of the Open Meetings Act occurred.

WHEREFORE, the complaint is hereby dismissed this the 4th day of February 2022.

MISSISSIPPI ETHICS COMMISSION

BY: _/s/ Tom Hood_
Tom Hood, Executive Director