IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN ROBERT SMITH, ET AL.**                                                                                     **PLAINTIFFS**

VS.                                              CIVIL ACTION NO. 3:01cv855-HTW-EGJ-DCB

**ERIC CLARK, Secretary of State of Mississippi;**
**ET AL.**                                                                                                                  **DEFENDANTS**

Consolidated with

**KELVIN BUCK, ET AL.**                                                                                        **PLAINTIFFS**

VS.

**HALEY BARBOUR, in his official capacity as**
**Governor of the State of Mississippi, ET AL.**                                              **DEFENDANTS**

---

**THE GOVERNOR'S AND THE ATTORNEY GENERAL'S
JOINDER IN THE MEMORANDUM OF AUTHORITIES OF THE
MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE IN
SUPPORT OF THE MOTION TO VACATE AND FOR OTHER RELIEF**

---

The Governor and the Attorney General, sued here in their official capacities,[*] join in the Mississippi Republican Executive Committee's memorandum of authorities supporting the pending motion to vacate this Court's injunction. Dkt. 156. Consistent with this Court's direction to avoid repetition of argument, 2/2/22 Tr. 46-47, the Governor and Attorney General adopt and incorporate the arguments and grounds for relief set forth in the Committee's memorandum. The Governor and Attorney General ask this Court to vacate this Court's injunction—which currently

---

[*] Governor Tate Reeves and Attorney General Lynn Fitch are automatically substituted for their predecessors-in-office as defendant parties. *See* Fed. R. Civ. P. 25(d).

1

requires defendants to conduct congressional elections under this Court's districting plan adopted in 2011—and rule that the State of Mississippi's congressional districting plan enacted by 2022 House Bill 384 satisfies all legal requirements.

The Governor and Attorney General emphasize three points supporting that relief. First, this Court should grant the pending Rule 60(b)(5) motion and vacate its injunction issued in 2011. Under the injunction, the defendants must "implement[]" a court-drawn plan, based on 2010 census data, for "congressional primary and general elections … until the State of Mississippi produces a constitutional congressional redistricting plan." *Smith v. Hosemann*, 852 F. Supp. 2d 757, 767 (S.D. Miss. 2011). H.B. 384 satisfies those conditions. Its four districts, according to 2020 census data, include nearly the same number of persons and thus satisfy the "one person, one vote" principle of the Fourteenth Amendment. The new districts also comport with all other state and federal requirements in every respect.

Second, no sound legal arguments can be made against this plan. The Legislature enacted H.B. 384 in "good faith" and lawfully exercised its "political judgment necessary to balance [the] competing interests" inherent in devising Mississippi's new congressional districts. *Miller v. Johnson*, 515 U.S. 900, 915 (1995). H.B. 384 is entitled to a "presumption of constitutionality" that cannot be overcome by "slight implication and vague conjecture." *Fleming v. Nestor*, 363 U.S. 603, 617 (1960) (internal quotation marks omitted). The *Buck* plaintiffs' recent suggestions of racial gerrymandering are baseless. Further, the State's plan satisfies Section 2 of the Voting Rights Act. Section 2 grants "equality of opportunity, not a guarantee of

electoral success for minority-preferred candidates of whatever race." *Johnson v. DeGrandy*, 512 U.S. 997, 1014 n.11 (1994). "Minority-preferred candidates" have no less "opportunity" to succeed in future elections held under H.B. 384's plan than they have enjoyed under this Court's plans over the past two decades. Like this Court's past plans, H.B. 384 includes a district with a BVAP that exceeds sixty percent. *See* Dkt. 143-2, 143-3. The plan here satisfies all legal requirements.

Third, the strong public interest in electoral certainty, stability, and integrity establishes that this Court should confirm this plan's legality now, rather than leave issues open as elections only draw closer. It is a "bedrock tenet of election law" that "[w]hen an election is close at hand, the rules of the road must be clear and settled." *Merrill v. Milligan*, — S. Ct. —, 2022 WL 354467, at *2 (Kavanaugh, J., concurring); *see also Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006). Here, on the eve of Mississippi's 2022 congressional elections, the "clear and settled" path is to proceed with the elections on schedule and under the Legislature's lawful plan—not the NAACP plan touted by the *Buck* plaintiffs, which state lawmakers have legitimately rejected, or any court-imposed plan, which does not currently exist and could not be warranted in the face of the legislatively enacted, legally sound plan.

Dated: February 14, 2022

        Respectfully submitted,

        LYNN FITCH
          Attorney General

By:    Justin L. Matheny (Bar No. 100754)
          Deputy Solicitor General
      MISSISSIPPI ATTORNEY GENERAL'S OFFICE
      P.O. Box 220
      Jackson, MS 39205-0220
      Telephone: (601) 359-3680
      justin.matheny@ago.ms.gov

*Counsel for Defendants*
*Governor Tate Reeves and*
*Attorney General Lynn Fitch*