# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JOHN ROBERT SMITH, SHIRLEY HALL
AND GENE WALKER                                                                         PLAINTIFFS

VS.                                                    Civil Action No. 3:01-cv-855-HTW-DCB-EGJ

DELBERT HOSEMANN, Secretary of State of
Mississippi; JIM HOOD, Attorney General for the State of
Mississippi; HALEY BARBOUR,
Governor of the State of Mississippi; MISSISSIPPI
REPUBLICAN EXECUTIVE COMMITTEE; and
MISSISSIPPI DEMOCRATIC EXECUTIVE
COMMITTEE                                                                               DEFENDANTS

and

BEATRICE BRANCH, RIMS BARBER,
L.C. DORSEY, DAVID RULE,
JAMES WOODWARD, JOSEPH P. HUDSON,
and ROBERT NORVEL
INTERVENORS

## CONSOLIDATED WITH

KELVIN BUCK, ET AL.                                                                     PLAINTIFFS

VS.                                                         Civil Action No. 3:11-cv-717-HTW-LRA

HALEY BARBOUR, ET AL.                                                                   DEFENDANTS

# DECLARATION OF
# ANTHONY "TONY" FAIRFAX

**STATE OF VIRGINIA**

**INDEPENDENT CITY OF HAMPTON**

My name is Anthony "Tony" Fairfax, and I make this Declaration pursuant to 28 U. S. C. Section 1746 as follows:

1. I am above the age of eighteen, of sound mind, and fully competent to make this Declaration.

2. I am an adult resident citizen of Hampton, Virginia, and I have previously testified in several state and federal redistricting court cases and have been accepted as an expert in the areas of demographic analysis and mapping. A copy of my resume is attached as Exhibit "1."

3. My analysis was performed using Caliper Corporation's Maptitude for Redistricting software and data. In addition, analysis was performed reviewing the Current congressional, H.B. 384, and the NAACP plans. A brief summary of my analysis is included in this Declaration.

4. I analyzed the current demographic data based on the 2020 Decennial Census[1] and the congressional districts currently used for Mississippi's current congressional elections. In addition, I provided my analysis of the demographic data and current congressional map to the Mississippi State Conference of the National Association

---

[1] 2020 Decennial Census data (Specifically PL94-171 data) were obtained from Caliper Corporation's dataset for the state of Mississippi.

for the Advancement of Colored People ("NAACP"). A true copy of that map and data has been filed in this Court as Document Number 151-1.

5. I have analyzed the demographic data based on the 2020 Decennial Census and congressional district map for House Bill 384. I provided my analysis of the demographic data and congressional map for H.B. 384 to the NAACP. A true copy of that map and data has been filed in this Court as Document Number 151-2.

6. I have analyzed the demographic data based on the 2020 Decennial Census and congressional districts map for the NAACP alternative congressional redistricting plan. I provided my analysis of the demographic data and congressional map for the NAACP plan to the NAACP. A true copy of that map and data has been filed in this Court as Document Number 151-3.

7. I have reviewed the redistricting criteria for the State of Mississippi Constitution and the criteria that were approved by the Joint Congressional Redistricting and Legislative Reapportionment Committee. This included the following criteria: 1) District should be as equal as practicable, 2) District should be composed of contiguous territory, 3) The redistricting plan should comply with all applicable state and federal laws, including Section 2 of the Voting Rights Act of 1965, as amended, and the Mississippi and United States Constitutions and 4) the Committee should consider the neutral redistricting factors employed by the Court in *Smith v Hosemann, 852 F. Supp. 2d 757 (S.D. Miss. 2011)*.

8. My analysis showed that the NAACP plan performed better than the H.B. 384 plan or the Current congressional district plan when comparing traditional redistricting criteria. The NAACP plan is more compact than the H.B. 384 plan or the Current

congressional district plan in at least two of three compactness measures (Reock, Polsby-Popper, and Convex Hull). The NAACP plan also splits fewer counties than the H.B. 384 plan or the Current congressional district plan. The NAACP plan splits fewer Voting Tabulation Districts ("VTDs")[2] than the H.B. 384 plan or the Current congressional district plan.

9. The H.B. 384 plan performed substandard to the NAACP plan when comparing the neutral redistricting factors set forth in *Smith v Hosemann, 852 F. Supp. 2d 757 (S.D. Miss. 2011)* established by the Court. Specifically, the NAACP plan is superior to the H.B. 384 plan when evaluating the redistricting factors of compactness, county & municipal boundaries, and distance of travel within the district.

10. I have attached a flash drive containing the floor debate on H.B. 384 in the Mississippi State Senate as Exhibit 2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 18th day of February, 2022.

*[signature]*
ANTHONY E. FAIRFAX

---

[2] VTDs are analogous and in many cases identical to precincts.