IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **JOHN ROBERT SMITH, et al.**<br>*Plaintiffs*,<br><br>v.<br><br>**DELBERT HOSEMAN, et al.,**<br>*Defendants*<br><br>and<br><br>**BEATRICE BRANCH, et al.,**<br>*Intervenors* | 3:01-cv-855-HTW-DCB |
| **KELVIN BUCK, et al.,**<br>*Plaintiffs*,<br><br>v.<br><br>**HALEY BARBOUR, et al.,**<br>*Defendants*. | 3:11-cv-717-HTW-LRA |

**MOTION OF THE NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC., THE MISSISSIPPI STATE CONFERENCE OF THE NAACP, ONE VOICE, AND BLACK VOTERS MATTER CAPACITY BUILDING INSTITUTE FOR LEAVE TO FILE BRIEF *AMICI CURIAE* OPPOSING VACATUR OF THE INJUNCTION**

The NAACP Legal Defense and Educational Fund, Inc., the Mississippi State Conference of the NAACP, One Voice, and Black Voters Matter Capacity Building Institute respectfully move the Court for leave to participate as *amici curiae* and file a brief in opposition to the Mississippi Republican Executive Committee's motion to vacate the injunction and for other relief. *Amici* are nonprofit organizations working to ensure the full, fair, and free exercise of constitutional and statutory rights for Black people in Mississippi and elsewhere. A copy of the proposed brief has been submitted with this motion.

I.      *Amici*'s Interest in the Issues Pending Before the Court

**The NAACP Legal Defense and Educational Fund, Inc.,** (LDF) is a nonprofit, nonpartisan legal organization founded in 1940 under the leadership of Justice Thurgood Marshall. LDF's mission is to achieve racial justice and to ensure the full, fair, and free exercise of constitutional and statutory rights for Black people and other people of color. Because the franchise is "a fundamental political right . . . preservative of all rights," *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886), LDF has worked for over 80 years to combat threats to Black people's right to vote and political representation. LDF has been counsel of record or served as an *amicus* in many of the precedent-setting cases regarding racial discrimination in voting in the U.S. Supreme Court, the federal courts of Mississippi, and other courts.[1] As such, LDF has a significant interest in ensuring the full, proper, and continued enforcement of the Voting Rights Act and the Constitution. LDF submits this brief to help the Court appreciate and understand the negative impact of Mississippi's Congressional Redistricting Plan on Black voters in Mississippi.

**The Mississippi State Conference of the NAACP** (MS NAACP) was at the forefront of major battles of the civil rights movement in Mississippi during the 1950s, '60s, and '70s. The first Mississippi NAACP branch was chartered in Vicksburg, Mississippi in 1918 and re-chartered on April 8, 1940. In 1945, members of branches from across the state came together to charter the

---

[1] *See, e.g.*, *Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254 (2015); *Shelby Cnty. v. Holder*, 570 U.S. 529 (2013); *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193 (2009); *LULAC v. Perry*, 548 U.S. 399 (2006); *Easley v. Cromartie*, 532 U.S. 234 (2001); *Shaw v. Hunt*, 517 U.S. 899 (1996); *Bush v. Vera*, 517 U.S. 952 (1996); *United States v. Hays*, 515 U.S. 737 (1995); *Houston Lawyers' Assn. v. Attorney General of Tex.*, 501 U.S. 419 (1991); *Chisom v. Roemer*, 501 U.S. 380 (1991); *Thornburg v. Gingles*, 478 U.S. 30 (1986); *Rogers v. Lodge*, 458 U.S. 613 (1982); *Gomillion v. Lightfoot*, 364 U.S. 339 (1960); *Veasey v. Abbott*, 830 F.3d 216 (5th Cir. 2016) (*en banc*); *Miss. State Chapter, Operation PUSH, Inc. v. Mabus*, 932 F.2d 400 (5th Cir. 1991); *Milligan v. Merrill*, No. 2:21-cv-1530, 2022 WL 265001 (N.D. Ala. Jan. 24, 2022); *Ga. State Conference of the NAACP v. Fayette Cnty. Bd. of Comm'rs*, 118 F. Supp. 3d 1338 (N.D. Ga. 2015); *Martin v. Mabus*, 700 F. Supp. 327, 329 (S.D. Miss. 1988).

Mississippi State Conference NAACP to coordinate the efforts of local branches and to carry out the mission and vision of the national organization statewide.  The MS NAACP mission includes ensuring the political, educational, social, and economic equality of rights of all persons and to eliminate racial hatred and racial discrimination.  The MS NAACP has a significant interest in this case because of its mission and the interests of its members across the state.

**One Voice** is a nonprofit organization whose purpose is to improve the quality of life for African Americans and other disenfranchised communities while building local and regional ability to sustain hard-won battles.  This is a vision that connects justice to political and economic opportunity.  One Voice's work focuses on building power within underserved communities as a tactic to address the ongoing systemic disparities that plague these communities.  For the past two years, One Voice has hosted workshops and community discussions about the importance of the redistricting process.  COVID-19 has introduced a new reality for civic engagement work.  One Voice has hosted a number of tele-townhalls, Zoom coalition meetings and Facebook Live events to discuss civic engagement and redistricting.  One Voice's work has helped to bring a level of transparency to Mississippians who would otherwise be left out of the process.  This case also represents inclusion for communities that continue to be disfranchised.

**Black Voters Matter Capacity Building Institute** (BVM) is a nonprofit, nonpartisan organization founded in 2017 to build political power in Black communities in eleven core states. The work includes voter education and finding ways to make voting more accessible and inclusive for all communities, particularly historically marginalized communities.  This work includes filing litigation against those states that have passed legislation that creates barriers to voting for Black and marginalized communities.  As such, BVM has a significant interest in ensuring the full, proper, and continued enforcement of the Voting Rights Act and the Constitution.  BVM submits

this brief to help the Court appreciate and understand the negative impact of Mississippi's Congressional Redistricting Plan on Black voters in Mississippi.

Individually and collectively, *amici* have significant interests in ensuring the full, proper, and continued enforcement of the Voting Rights Act and the Constitution.

## II.     Permitting the Filing of *Amicus* Briefs is Within the Court's Discretion

*Amici* request leave to file their proposed brief and the supporting expert declarations and to present argument or evidence at any forthcoming hearings. *Amici* wish to provide context to the Court relating to the negative impact of Mississippi's Congressional Redistricting Plan on Black voters in Mississippi and to contextualize Mississippi's long history of racial discrimination in voting. This Court should grant the motion because "[g]enerally, courts have exercised great liberality in permitting an *amicus* curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence." *United States v. Louisiana,* 751 F. Supp. 608, 620 (E.D. La. 1990); *see also Morales v. Turman*, 820 F.2d 728, 730 (5th Cir. 1987) (noting that an *amicus* was allowed to present its own experts and evidence at trial); *Cox v. Morris*, No. 3:18-CV-30-DMB-JMV, 2019 WL 1601367, at *3 (N.D. Miss. Apr. 15, 2019) (permitting *amicus* to submit a brief and materials in opposition to a motion for summary judgment); *Cazorla v. Koch Foods of Mississippi, LLC*, No. 3:10CV135-DPJ-FKB, 2014 WL 2163151, at *3 (S.D. Miss. May 23, 2014) (admitting an *amicus* brief and supporting exhibits and testimonial evidence).

A district court has discretion to permit an *amicus* brief "to assist the court in reaching a proper decision." *Cox*, 2019 WL 1601367, at *5. "District courts have inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure." *Id.* (citing *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008)). "Factors relevant

4

to the determination of whether *amicus* briefing should be allowed include whether the proffered information is timely or useful or otherwise necessary to the administration of justice." *Id.* (citing *U.S. ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 928 (S.D. Tex. 2007) (quotation marks omitted)); *see also Denning v. Barbour*, No. 3:05-CV-771WS, 2006 WL 8454308, at *2 n.3 (S.D. Miss. Mar. 8, 2006) (looking to Fed. R. App. P. 29 in exercising discretion to permit filing of *amicus* brief).

*Amici*'s brief is timely. *Amici* are filing on the same day that response briefs are due to the motion to vacate the injunction, and its content is unquestionably useful to the disposition of the issues before the Court. *Amici*'s limited participation in any hearings concerning the legality of the 2021 plan also will not cause any unjust delays. *Amici* submit that their participation as *amici curiae* will aid the Court in resolving this case. Accordingly, *amici* respectfully request that this Court grant their motion for leave to appear as *amici curiae*, accept their attached *amici curiae* brief and the supporting declarations, and permit *amici*'s limited participation in any hearings.

Respectfully submitted,

February 24, 2022

/s/ Fred L. Banks, Jr.
Fred L. Banks, Jr. (Bar No. 1733)
Phelps Dunbar LLP
4270 I-55 North
Jackson, MS 39211-6391
Telephone: (601) 360-9356
Facsimile: (601) 360-9777
fred.banks@phelps.com

Leah Aden *(pro hac forthcoming)*
Stuart Naifeh *(pro hac forthcoming)*
Amir Badat *(pro hac forthcoming)*
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200

        Facsimile: (212) 226-7592
laden@naacpldf.org
snaifeh@naacpldf.org
abadat@naacpldf.org

Deuel Ross *(pro hac forthcoming)*
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
dross@naacpldf.org

Jessica L. Ellsworth *(pro hac forthcoming)*
Dana A. Raphael *(pro hac forthcoming)*
HOGAN LOVELLS US LLP
555 Thirteenth St. NW
Washington, DC 20005
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
jessica.ellsworth@hoganlovells.com
dana.raphael@hoganlovells.com

*Attorneys for amici curiae*

## CERTIFICATE OF SERVICE

    I, Fred L. Banks, Jr., do hereby certify that I have this date filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record with ECF.

    SO CERTIFIED, this the 24th day of February, 2022.

                        */s/ Fred L. Banks, Jr.*
                        Fred L. Banks, Jr.