IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN ROBERT SMITH, ET AL.**                                           **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO. 3:01cv855-HTW-EGJ-DCB**

**ERIC CLARK, Secretary of State of Mississippi;**
**ET AL.**                                                              **DEFENDANTS**

Consolidated with

**KELVIN BUCK, ET AL.**                                                 **PLAINTIFFS**

**VS.**

**HALEY BARBOUR, in his official capacity as**
**Governor of the State of Mississippi, ET AL.**                        **DEFENDANTS**

___

**THE GOVERNOR'S AND THE ATTORNEY GENERAL'S
JOINDER IN THE MISSISSIPPI REPUBLICAN PARTY
EXECUTIVE COMMITTEE'S REBUTTAL IN SUPPORT OF THE
MOTION TO VACATE AND FOR OTHER RELIEF**

___

The Governor and the Attorney General, sued here in their official capacities,[*] join in and adopt and incorporate the arguments asserted in the Mississippi Republican Executive Committee's rebuttal brief in support of the pending Rule 60(b)(5) motion to vacate this Court's injunction issued in 2011. Dkt. 177.

In addition, while mindful of this Court's directive not to duplicate those arguments, the Governor and Attorney General emphasize three reasons that the *Buck* plaintiffs' objections to vacatur are meritless. This Court should grant the

___

[*] Governor Tate Reeves and Attorney General Lynn Fitch are automatically substituted for their predecessors-in-office as defendant parties. *See* Fed. R. Civ. P. 25(d).

1

pending motion and hold that the State of Mississippi's congressional districting plan enacted by 2022 House Bill 384 satisfies all legal requirements.

First, the *Buck* plaintiffs' demand for preclearance is baseless. The *Buck* plaintiffs themselves recognized as much. Three weeks ago, the *Buck* plaintiffs conceded that "[p]reclearance is no longer required after the *Shelby County* case" and this Court should focus on whether 2022 House Bill 384 is a "constitutional plan." 2/2/22 Tr. 12. Now, relying on the Voting Rights Act's "bail-in" provision, the *Buck* plaintiffs contend that "preclearance of the state's redistricting plan" is required "for the Court to vacate or dissolve its 2011 injunction." Dkt. 163 at 6-7 n.17; *see id.* at 17. They should have stuck to their concession. Under 52 U.S.C. § 10302(c)'s "bail-in" provision, in a Voting Rights Act case, federal courts may require pre-approval of future voting changes *if* "the court finds that violations of the fourteenth or fifteenth amendment justifying equitable relief have occurred." 52 U.S.C. § 10302(c). Here, the defendants have never violated the "fourteenth or fifteenth amendment." In 2011, this Court found that *its own*, then-existing, district plan was "malapportioned" and thus unfit for use in future elections. *Smith v. Hosemann*, 852 F. Supp. 2d 757, 760 (S.D. Miss. 2011). Under 52 U.S.C. § 10302(c)'s plain terms, this Court's injunction could not have invoked the statute to "bail-in" the State to future preclearance obligations.

Second, the *Buck* plaintiffs' are wrong that H.B. 384 rests on improper consideration of race. Indeed, the *Buck* plaintiffs (and their putative amici) are in no position to make this claim. In November, the Mississippi NAACP urged the

Legislature to adopt its districting plan, which satisfied "all federal and state laws including Section II of the Voting Rights Act and the U.S. Constitution" with a Second Congressional District BVAP approximating sixty percent. Dkt. 151-3 at 1; *see id.* at 3. Likewise, on February 2, the *Buck* plaintiffs insisted that the Second Congressional District's BVAP must remain "around 60 percent" due to racial-bloc voting. 2/2/22 Tr. 27. Now, the *Buck* plaintiffs contend that—because H.B. 384's District two comports with those demands but not their views on other legitimate criteria—race must have been "the predominant factor" in drawing the district. Dkt. 163 at 12. But when legislators consider "racial demographics … it does not follow that race predominates in the redistricting process." *Miller v. Johnson*, 515 U.S. 900, 915 (1995). Here, as the MREC's rebuttal explains, the *Buck* plaintiffs' complaints about the "compactness" of H.B. 384's districts or other redistricting factors fail to establish that federal law obligated the Legislature to adopt some different plan. Dkt. 177 at 3-8. In short, the *Buck* Plaintiffs have not remotely met their "heavy" burden to establish that "the State has relied on race in *substantial* disregard of customary and traditional districting practices." *Chen v. City of Houston*, 206 F.3d 502, 506 (5th Cir. 2000) (citations omitted) (emphasis original).

Third, the *Buck* plaintiffs present no proof that any "voter, candidate, political party, and election official confusion" here justifies "extending the March 1 qualifying deadline." Dkt. 163 at 20. Instead, while conceding that federal interference with state "election processes" is improper "on the eve of an election," *id.* at 19, the *Buck* plaintiffs cite Alabama's recent congressional redistricting experience "as the only

3

recent case where the court extended the qualifying deadline," *id.* at 20 (citing *Caster v. Merrill*, 2022 WL 264819 (N.D. Ala. 2022) (three-judge court)). That district-court decision is no help to the *Buck* plaintiffs here. After the court extended the qualifying deadline, the Supreme Court ruled that Alabama's elections must proceed on the State's legislative plan and under its existing timetables. *Merrill v. Milligan*, 142 S. Ct. 879 (2022). As Justice Kavanaugh explained there: "When an election is close at hand, the rules of the road must be clear and settled." *Id.* at 880-81 (Kavanaugh, J., concurring). Here, Mississippi's 2022 congressional elections are upon us with the qualifying deadline set to expire the day after this filing. The "clear and settled" path is to proceed with the elections on schedule and under the Legislature's lawfully enacted, legally sound plan.

Dated: February 28, 2022

                                       Respectfully submitted,

                                       LYNN FITCH
                                         Attorney General

By:    Justin L. Matheny (Bar No. 100754)
          Deputy Solicitor General
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for Defendants*
*Governor Tate Reeves and*
*Attorney General Lynn Fitch*

4