IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHN ROBERT SMITH, ET AL.**                                                                 **PLAINTIFFS**

**VS.**                             **CIVIL ACTION NO. 3:01cv855-HTW-EGJ-DCB**

**ERIC CLARK, Secretary of State of Mississippi;**
**ET AL.**                                                                                   **DEFENDANTS**

Consolidated with

**KELVIN BUCK, ET AL.**                                                                      **PLAINTIFFS**

**VS.**

**HALEY BARBOUR, in his official capacity as**
**Governor of the State of Mississippi, ET AL.**                                             **DEFENDANTS**

---

**THE GOVERNOR'S AND THE ATTORNEY GENERAL'S
RESPONSE IN OPPOSITION TO THE MOTION OF THE
NAACP DEFENSE FUND, ET AL. FOR LEAVE TO FILE BRIEF
*AMICI CURIAE* OPPOSING VACATUR OF THE INJUNCTION**

---

The Governor and the Attorney General, sued here in their official capacities,[*] oppose the motion for leave to participate in this case as *amici curiae* filed by the NAACP Legal Defense and Educational Fund, Inc., the Mississippi State Conference of the NAACP, One Voice, and Black Voters Matter Capacity Building Institute. Dkt. 169. This Court should reject the proposed *amici*'s proposed brief and supporting expert declarations, and deny their request for "limited participation" in any future "hearings." *Id.* at 5.

---

[*] Governor Tate Reeves and Attorney General Lynn Fitch are automatically substituted for their predecessors-in-office as defendant parties. *See* Fed. R. Civ. P. 25(d).

1

The proposed *amici*'s belated filing is improper for at least three reasons. First, the proposed *amici* seek to raise new claims and issues not previously asserted by the existing parties. As they acknowledge, this Court has "inherent authority to appoint or deny *amici* which is derived from Rule 29 of the Federal Rules of Appellate Procedure." Dkt. 169 at 4 (internal quotation marks omitted). Under those rules, an *amicus curiae* "generally cannot expand the scope" of a lawsuit or "implicate issues that have not been presented by the parties." *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1049 (5th Cir. 1993); *see also Voices for Int'l Business and Educ. v. NLRB*, 905 F.3d 770, 775 n. 6 (5th Cir. 2018) (noting that federal courts "do not consider arguments raised by an amicus that the party it is supporting never made"). The proposed *amici*'s effort to submit new claims and evidence violates both those principles.

The proposed *amici*'s principal attack on 2022 House Bill 384 is that race predominated in lawmakers' considerations when crafting the new Second Congressional District. Dkt. 169-3 at 11-18. In their view, the Legislature relied on an alleged "mechanical" BVAP "target" of sixty-two percent. *Id.* at 11; *see id.* at 11-18. The proposed *amici* further contend that the new district is not "narrowly tailored" to achieve compliance with Section 2 of the Voting Rights Act. *Id.* at 18; *see id.* at 18-22. For support, the proposed *amici* rely on two experts who contend that the Second District's target BVAP must be fifty-four percent to satisfy Section 2. Dkt. 169-1 at 7-10; Dkt. 169-2 at 6.

Those claims are materially different from the claims made by the parties to this case. In particular, the existing parties rely on an entirely different racial-gerrymander theory. The *Buck* plaintiffs insist that, to comport with Section 2, the Second District must have a BVAP "around 60 percent." 2/2/22 Tr. at 27. They urge this Court to adopt a plan for the Second District—crafted, as it happens, by one of the proposed *amici*—that satisfies "Section II of the Voting Rights Act and the U.S. Constitution" with a BVAP approximating sixty percent. Dkt. 151-3 at 1, 3; *see* Dkt. 163 at 20. Allowing the proposed *amici* to press their new, eleventh-hour claims would both implicate issues not previously raised by the parties (and that, indeed, contradict the existing parties' position) and would improperly expand the scope of this case. *Resident Council of Allen Parkway Vill.*, 980 F.2d at 1049.

Second, and related, by seeking to present new claims and evidence, and permission for "limited participation in any hearings," the proposed *amici* are effectively demanding party status. They should not be afforded the rights of a party without proving intervention is proper. Under Rule 24, among other things, a proposed new party must establish that "disposition of the action" would impair the movants' interests and the "existing parties" would "inadequately represent[]" them. *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994); *see* Fed. R. Civ. P. 24(a), (b). The proposed *amici* have made no such showing. The would-be *amici* have offered no reason that the existing parties cannot adequately represent their interests. And they have not explained why the current parties could not have previously asserted their new claims or tendered their proposed supporting evidence.

Third, the proposed *amici*'s effective-intervention request is untimely. They have been aware of their interests in this proceeding for months. The Mississippi NAACP, for example, has been "monitoring" the Legislature's "redistricting process from the beginning." Dkt. 151-3 at 1. Last year, the Mississippi NAACP engaged the same expert who drafted the districting plan that the *Buck* plaintiffs urge this Court to adopt. *See id.* at 2-18. Representatives of the Mississippi NAACP attended this Court's proceeding on February 2 but neglected to ask the Court to be heard or participate in the parties' briefing. *See* 2/2/22 Tr. 2; *see also id.* at 40-49. Then, only a few days before the close of this Court's expedited briefing schedule, the Mississippi NAACP and their allies sought permission to put new issues and evidence before this Court and enjoy "limited participation" in future hearings. The proposed *amici* have delayed too long to effectively seek party status from this Court.

For any or all these reasons, this Court should deny the proposed *amici*'s request for leave to file their brief and supporting expert declarations and their request for "limited participation in any hearings."

Dated: February 28, 2022

Respectfully submitted,

LYNN FITCH
  Attorney General

By:    Justin L. Matheny (Bar No. 100754)
       Deputy Solicitor General
MISSISSIPPI ATTORNEY GENERAL'S OFFICE
P.O. Box 220
Jackson, MS 39205-0220
Telephone: (601) 359-3680
justin.matheny@ago.ms.gov

*Counsel for Defendants*
*Governor Tate Reeves and*
*Attorney General Lynn Fitch*