FIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JOHN ROBERT SMITH, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>DELBERT HOSEMAN, et al.,<br><br>*Defendants*<br><br>and<br><br>BEATRICE BRANCH, et al.,<br><br>*Intervenors* | 3:01-cv-855-HTW-DCB |
| KELVIN BUCK, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>HALEY BARBOUR, et al.,<br><br>*Defendants*. | 3:11-cv-717-HTW-LRA |

**REPLY TO OPPOSITION TO MOTION OF *AMICI CURIAE* FOR LEAVE TO FILE BRIEF OPPOSING VACATUR OF THE INJUNCTION**

The proposed *amici curiae* NAACP Legal Defense and Education Fund, Inc., Mississippi State Conference of the NAACP, One Voice, and Black Voters Matter Capacity Building Institute respectfully submit this reply to the opposition of the Governor and the Attorney General (the "State") to *amici*'s motion for leave to participate as *amici curiae* (Dkt. No. 180). The State mischaracterizes *amici's* proposed brief and participation in this case. The Court should reject the State's arguments and grant *amici*'s motion for leave.

First, the State incorrectly contends that *amici* "raise new claims and issues not previously asserted by the existing parties." Dkt. No. 180, at 2. *Amici's* brief argues that the State's enacted Congressional plan is a racial gerrymander—that it used race as the predominant factor in drawing Congressional District 2 ("CD 2"), subordinating race-neutral redistricting principles, and that its use of race was not narrowly tailored to achieve a compelling interest. Dkt. No. 169-3 ("*Amici* Br."). *Amici*'s argument is premised on the same arguments and racial gerrymandering concerns raised by the *Buck* Plaintiffs in their opposition to the motion to vacate the Court's injunction. Dkt. No. 163, at 11–15. And the *Buck* Plaintiffs rely on some of the same evidence that *amici* reference. *See, e.g.*, *id.* at 12–13 (citing floor testimony indicating the Legislature used a racial target to draw CD 2). Similarly, during the February 2 status conference, the *Buck* Plaintiffs also raised concerns that the State's plan constituted an unconstitutional racial gerrymander. Ex. A, Tr. 23:3–5 ("So we're talking about they subordinated racially-neutral criteria to a consideration of race. That's one of the issues we're talking about in intent of discrimination."); *id.* at 24:11–13 ("[T]he legislature did not use, but subordinated that neutral criteria to their criteria of race of drawing the district the way it did.").

Despite the *Buck* Plaintiffs and *amici* identifying the same racial gerrymandering concern, the State nonetheless argues that the Court should reject *amici's* motion because the *Buck* Plaintiffs and *amici* purportedly advance different theories of "narrow tailoring" to support a racial gerrymandering claim. Dkt. No. 180, at 3. This is incorrect. As an initial matter, the State mischaracterizes *amici*'s argument, suggesting that it is *amici*'s position that Section 2 of the Voting Rights Act requires a "target" BVAP in CD 2 of 54% based on illustrative plans prepared by *amici's* expert. *Id.* at 2. *Amici* do not argue for a racial target. Rather, *amici* argue that *the State's racial target* was not narrowly tailored to achieve Section 2 compliance because the State has

2

failed to introduce *any* evidence that the Legislature performed *any* analysis to support its target. *Amici* Br. at 18–22. The illustrative plans prepared by *amici*'s expert demonstrate that drawing CD 2 with a significantly lower BVAP still provides Black voters the opportunity to elect their candidates of choice in compliance with Section 2 and better satisfies the State's traditional redistricting principles. *Amici* Br. at 15–16. To adjudicate the constitutionality of the State's plan, this Court will need to determine whether the Legislature's predominate use of race and a racial target was narrowly tailored to achieve Section 2 compliance. On this question, *amici*'s brief, supporting evidence, and limited participation in future hearings will "assist the court in reaching a proper decision." *Cox v. Morris*, No. 3:18-CV-30-DMB-JMV, 2019 WL 1601367, at *5 (N.D. Miss. Apr. 15, 2019); *see also Cooper v. Harris*, 137 S. Ct. 1455, 1471-72, 1479-80 (2017) (explaining the reliance of racial polarization analysis to a racial gerrymandering claim and that an alternative map can be an "evidentiary tool" for identifying a racial gerrymander).

Second, the State argues that *amici* must meet the higher Rule 24 standard for intervention in order to be permitted to participate in this action. Dkt. No. 180, at 3. But, as referenced in *amici*'s motion for leave, "courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence." *United States v. Louisiana.*, 751 F. Supp. 608, 620 (E.D. La. 1990). The sole question before the Court is whether *amici* have an "interest in the case." *See Lefebure v. D'Aquilla*, 15 F.4th 670, 671 (5th Cir. 2021) (noting that the relevant interest need not be the same as a party or an interest sufficient for standing, and that an *amici* brief need not even be helpful to the court); *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (similar). "Courts should welcome amicus briefs" because they help courts "avoid error in their judgments." *Lefebure*, 15 F.4th at 675. Motions for leave should be granted "unless it is obvious

3

that the proposed briefs do not meet [Federal] Rule [of Appellate Procedure] 29's criteria as broadly interpreted." *Neonatology Assocs.*, 293 F.3d at 133.

*Amici* have extensive experience litigating precedent-setting voting rights and redistricting cases, and several *amici* advocate on behalf and/or have members who are Black Mississippians who will be directly affected by the Court's decision. *Amici* Br. at 1–3. *Amici*'s perspectives will assist the Court in determining the crucial question of whether the State's plan passes Constitutional muster. Moreover, it is in the interest of efficiency and judicial economy for the Court to permit *amici*'s limited participation in briefing and any hearings, rather than requiring *amici* to file a separate lawsuit. Courts often permit parties to participate in a litigation as an *amicus* as an efficient alternative to intervention. *See, e.g.*, *Cox*, 2019 WL 1601367, at *5.

Third, the State's argument that *amici's* motion is untimely is baseless. *Amici* moved swiftly in accordance with the Court's expedited briefing schedule to submit their brief on the same date that the Court ordered oppositions to the State's motion to vacate the injunction be filed. *See* Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed."); *Cox*, 2019 WL 1601367, at *5 ("[The] motion for leave to file an amicus brief, which was filed less than a week after [the party's] response was due, is timely"). That the Mississippi State Conference of the NAACP has monitored the redistricting process is no reason to prohibit all four *amici* from participating in the action. And the State has identified no prejudice whatsoever that it will suffer if the Court grants *amici's* motion.

Accordingly, *amici* respectfully request that this Court grant their motion for leave to appear as *amici curiae*, accept their attached *amici curiae* brief and the supporting declarations, and permit *amici*'s limited participation in any hearings.

4

|  |  |
|---|---|
|  | Respectfully submitted, |
| March 1, 2022 | /s/ Fred L. Banks, Jr.<br>Fred L. Banks, Jr. (Bar No. 1733)<br>Phelps Dunbar LLP<br>4270 I-55 North,<br>Jackson, MS  39211-6391<br>Ph: (601) 360-9356<br>Fax: (601) 360-9777<br>fred.banks@phelps.com |

Leah Aden *(pro hac pending)*
Stuart Naifeh *(pro hac pending)*
Amir Badat *(pro hac pending)*
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Facsimile: (212) 226-7592
laden@naacpldf.org
snaifeh@naacpldf.org
abadat@naacpldf.org

Deuel Ross *(pro hac pending)*
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 682-1300
Facsimile: (202) 682-1312
dross@naacpldf.org

Jessica L. Ellsworth *(pro hac pending)*
HOGAN LOVELLS US LLP
555 Thirteenth St. NW
Washington, DC 20005
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
jessica.ellsworth@hoganlovells.com

## **CERTIFICATE OF SERVICE**

      I, Fred L. Banks, Jr., do hereby certify that I have this date filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record with ECF.

      SO CERTIFIED, this the 1st day of March, 2022.

                                                        /s/ Fred L. Banks, Jr.
                                                        Fred L. Banks, Jr.