**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON, MISSISSIPPI**

| | |
|---|---|
| JOHN ROBERT SMITH, SHIRLEY HALL AND GENE WALKER | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:01-cv-855-HTW-DCB |
| DELBERT HOSEMANN, Secretary of State of Mississippi; JIM HOOD, Attorney General for the State of Mississippi; HAYLEY BARBOUR, Governor of the State of Mississippi; MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE; and, MISSISSIPPI DEMOCRATIC EXECUTIVE COMMITTEE | DEFENDANTS |
| and | |
| BEATRICE BRANCH, RIMS BARBER, L.C. DORSEY, DAVID RULE, JAMES WOODWARD, JOSEPH P. HUDSON and ROBERT NORVEL | INTERVENORS |

**CONSOLIDATED WITH**

| | |
|---|---|
| KELVIN BUCK, ET AL. | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 3:11-cv-717-HTW-LRA |
| HALEY BARBOUR, ET AL. | DEFENDANTS |

**THE MISSISSIPPI SECRETARY OF STATE'S
AMENDED JOINDERS**

Mississippi Secretary of State Michael Watson hereby amends his joinders (Dkts. 149, 158, & 178) in the Mississippi Republican Party Executive Committee's ("Republican Party") motion to vacate injunction and for other relief (Dkt. 143), memorandum of authorities in support of the motion (Dkt. 156), and rebuttal memorandum of authorities (Dkt. 177) as stated below.  By so amending the joinders, the Secretary is making no additional request for relief from the Court and makes no additional arguments not already made in the underlying briefing.

1

The Secretary is amending merely to withdraw a portion of the prior joinders. Specifically, the Secretary maintains his joinders insofar as the Republican Party's briefing argues that this Court has jurisdiction and that H.B. 384 is constitutional.

As Mississippi's Chief Elections Officer, and as already explained in the prior briefing, the Secretary believes the State will soon be out of time to meet the demands of and conduct elections as scheduled and expected by the people of Mississippi. The Secretary therefore amends and withdraws his joinders to the extent the Republican Party's briefing argues that elections may not proceed now under the legislatively-passed, constitutional plan in H.B. 384.

As already explained in the prior briefing, the December 30, 2011 final judgement of the Court enjoins defendants to conduct congressional elections according to a four-district plan devised by this Court "until such time as the State of Mississippi produces a constitutional congressional redistricting plan that is precleared in accordance with the procedures in Section 5 of the Voting Rights Act of 1965." [Dkt. 128 at 2]. As fully discussed in the Republican Party's briefing, Section 5 is no longer applicable and preclearance is no longer a step that must be satisfied. *See Shelby County, Ala. v. Holder*, 570 U.S. 529, 557 (2013). As also already discussed in the prior briefing, the plan passed by the Legislature, H.B. 384, is presumptively constitutional, and the Secretary intends to use that plan in this election unless ordered otherwise by this Court. *See Abbott v. Perez*, 138 S.Ct. 2305, 2324 (2018) ("Whenever a challenger claims that a state law was enacted with discriminatory intent, the burden of proof lies with the challenger, not the State. This rule takes on special significance in districting cases.") (internal citation omitted).

As discussed in the briefing already before the Court, deadlines on election calendars are critical to the orderly administration and implementation of free and fair elections. *See* Dkt. 177

at 22-24. For example, absentee ballots must be prepared and printed and made available to voters 45 days before a primary election, which this year is June 7. This means that absentee ballots must be made available to voters by April 23, and it takes considerable time to prepare and print these ballots. This step and many others are dependent upon redistricting being completed in a timely manner, which cannot be performed until a decision is made as to which redistricting plan controls.

The Secretary must try to ensure the election process is carried out in a proper fashion for election workers, voters, and candidates. All parties agree the current court-drawn plan from 2011 is malapportioned and unconstitutional in light of recent Census data. H.B. 384 is constitutional until proven otherwise, and the Secretary files this amended joinder and intends to move forward under H.B. 384 unless ordered otherwise by this Court.

ACCORDINGLY, the Secretary continues to join Dkts. 143, 156 & 177 to the extent they maintain this Court has jurisdiction and that H.B. 384 is constitutional. He amends/withdraws the joinder to the extent that the Republican Party's briefing argues that elections cannot proceed now under  H.B. 384

Dated: March 21, 2022

Respectfully submitted,

**MICHAEL WATSON,**
**Secretary of State of Mississippi**

By: */s/ William Trey Jones, III*

OF COUNSEL:
William Trey Jones, III, MSB No. 99185
Matthew W. Allen, MSB No. 101605
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street, Suite 100
Jackson, Mississippi  39201
Telephone:  (601) 948-3101
Telecopier:  (601) 960-6902
tjones@brunini.com
mwallen@brunini.com

***ATTORNEY FOR MICHAEL WATSON,***
 ***SECRETARY OF STATE OF MISSISSIPPI***

## CERTIFICATE OF SERVICE

I, William Trey Jones, III hereby certify that I electronically filed the above and foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

Dated: March 21, 2022

*/s/ William Trey Jones, III*

4