# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JOHN ROBERT SMITH, SHIRLEY HALL
AND GENE WALKER**     **PLAINTIFFS**

**VS.**     **Civil Action No. 3:01-cv-855-HTW-DCB-EGJ**

**DELBERT HOSEMANN, Secretary of State of Mississippi;
JIM HOOD, Attorney General for the State of Mississippi;
HALEY BARBOUR,
Governor of the State of Mississippi; MISSISSIPPI
REPUBLICAN EXECUTIVE COMMITTEE; and
MISSISSIPPI DEMOCRATIC EXECUTIVE
COMMITTEE**     **DEFENDANTS**

**and**

**BEATRICE BRANCH, RIMS BARBER,
L.C. DORSEY, DAVID RULE,
JAMES WOODWARD, JOSEPH P. HUDSON,
and ROBERT NORVEL
INTERVENORS**

## CONSOLIDATED WITH

**KELVIN BUCK, ET AL.**     **PLAINTIFFS**

**VS.**     **Civil Action No. 3:11-cv-717-HTW-LRA**

**HALEY BARBOUR, ET AL.**     **DEFENDANTS**

**THE BUCK PLAINTIFFS' RESPONSE OPPOSING THE DEFENDANT'S, THE MISSISSIPPI SERETARY OF STATE'S, AMENDED JOINDERS IN THE MOTION OF THE DEFENDANT, THE MISSISSIPPI REPUBLICAN PARTY EXECUTIVE COMMITTEE, TO VACATE INJUNCTION AND FOR OTHER RELIEF**

The defendant, the Mississippi Secretary of State ("Secretary of State"), filed his amended joinder on March 21, 2022, [Doc. No. 187], amending his previous joinders, [Doc. Nos. 149, 158 & 178], joining in the Mississippi Republican Party Executive Committee's ("the Republican Party's) motion to vacate injunction and for other relief and memorandum in support of that motion, [Doc. Nos. 143 & 156], and rebuttal memorandum of authorities. [Doc. No. 156]. The Secretary of State argues that he is not making an additional request for relief and no additional arguments. However, he is, in fact, making an additional request for relief and an additional argument. In essence, the Secretary of State is requesting the Court to not hold him in contempt for willfully violating this Court's 2011 injunction. The Secretary of State informs the Court that he "intends to move forward under H.H. 384 unless ordered otherwise by this Court." [Doc. No. 187, p. 3]. The Republican Party did not in any of its pleadings request the Court to allow any party to willfully violate this Court's 2011 injunction.

The United States Supreme Court has recognized the state law rule for honoring injunctions "is consistent with the rule of law followed by the federal courts." *Walker v. Birmingham*, 388 U.S. 307, 314 (1967). In *Walker*, the Court tacitly adopted the state law rule that provides:

> An injunction duly issuing out of a court of general jurisdiction with equity powers upon pleadings properly invoking its action, and served upon persons made parties therein and within the jurisdiction, must be obeyed by them however erroneous the action of the court may be, even if the error be in the assumption

2

>of the validity of a seeming but void law going to the merits of the case. It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected, and disobedience of them is contempt of its lawful authority, to be punished.

*Id*., at 314. The Supreme Court reaffirmed this rule in *Celotex Corp. v. Edwards*, 514 U.S. 300, 314 (1994), This Court's 2011 injunction has not been overturned either by this Court or a higher court. Therefore, this Court's 2011 injunction is still good law.[1]

The Secretary of State requested the Court to allow him to willfully violate the injunction that could cause substantial voter confusion. State and local election officials would have to notify voters of new congressional districts they are in, make some changes at the precinct level, and possibly have to reprint ballots, send out military and absentee ballots again further leading to voter confusion if he acts before this Court makes a final determination concerning the composition of counties and precincts in each congressional district.

Finally, the Secretary of State argues that H.B. 384 is presumptively constitutional. However, the Court must make a determination whether state officials have complied with the Court's 2011 injunction and produced a constitutional and precleared redistricting plan. Although H.B. 384 was presumptively valid when presented, when the Buck plaintiffs challenged the plan as an intentionally racially gerrymandered plan, the burden shifted to state officials to justify the use of race in the manner the plan was drawn. State officials argued that H.B. 384 was crafted in the manner it was to comply with Section 2 of the Voting Rights Act. However, as the Buck plaintiffs point out state officials unnecessarily subordinated neutral redistricting principles to their racial purpose. Therefore, state officials have not met their burden concerning the legality of H.B. 384.

---

[1] The Secretary of State argues that preclearance is no longer required after *Shelby County, Ala. V. Holder*, 570 U. S. 529 (2013). However, that is incorrect. The Supreme Court did not make any pronouncement on Section 5 preclearance in that case. More importantly, the Secretary of State did not come back to this Court and request relief from the preclearance requirement in 2013, 214, 2015, 2016, 2017, 2018, 2019, 2020, 20021, or 2022. An Order of this Court is valid until overturned by this Court or a higher court. *Walker v.* Birmingham, supra.

## CONCLUSION

Since the Secretary of State advances an additional request and arguments that are without merit, the Court should strike his amended joinder.

This the 22nd day of March, 2022.

>RESPECTFULLY SUBMITTED,
>KELVIN BUCK, ET AL., on Behalf of Themselves
>and All Others Similarly Situated,
>
>PLAINTIFF
>
>By:   */s/ Carroll Rhodes*
>      CARROLL RHODES

## CERTIFICATE OF SERVICE

I, Carroll Rhodes, one of the attorneys for the Buck plaintiffs, do hereby certify that I have this date filed the foregoing with the Clerk of the Court using the PACER/ECF system which sent notification of such filing to all counsel of record with PPACER/ECF.

This the 22nd day of March, 2022.

>*/s/ Carroll Rhodes*
>CARROLL RHODES
>
>
>CARROLL RHODES, ESQ., MSB # 5314
>LAW OFFICES OF CARROLL RHODES
>POST OFFICE BOX 588
>HAZLEHURST, MISSISSIPPI 39083
>TELEPHONE: (601) 894-4323
>FACSIMILE: (601) 894-1451
>e-mail: crhode@bellsouth.net
>
>JOHN L. WALKER, ESQ., MSB # 6883
>WALKER LAW GROUP, PC

4

        1410 LIVINGSTON LANE, SUITE A
POST OFFICE BOX 22849
JACKSON, MISSISSIPPI 39225-2849
TELEPHONE: (601) 948-4589
FACSIMILE: (601) 354-2507
e-mail: jwalker@walkergrouppc.com

E. CARLOS TANNER, III, ESQ.
MSB NO. 102713
TANNER & ASSOCIATES, LLC
POST OFFICE BOX 3709
JACKSON, MISSISSIPPI 39207
TELEPHONE: (601) 460-1745
FACSIMILE: (662) 796-3509
e-mail: carlos.tanner@thetannerlawfirm.com

COUNSEL FOR PLAINTIFFS
KELVIN BUCK, ET AL.