**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

| | |
|---|---|
| **JOHN ROBERT SMITH, SHIRLEY HALL AND GENE WALKER** | **PLAINTIFFS** |
| **VS.** | **Civil Action No. 3:01-cv-855-HTW-DCB** |
| **DELBERT HOSEMANN, Secretary of State of Mississippi; JIM HOOD, Attorney General for the State of Mississippi; HALEY BARBOUR, Governor of the State of Mississippi; MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE; and MISSISSIPPI DEMOCRATIC EXECUTIVE COMMITTEE** | **DEFENDANTS** |
| **And** | |
| **BEATRICE BRANCH, RIMS BARBER, L.C. DORSEY, DAVID RULE, JAMES WOODWARD, JOSEPH P. HUDSON, and ROBERT NORVEL** | **INTERVENORS** |

**CONSOLIDATED WITH**

| | |
|---|---|
| **KELVIN BUCK, ET AL.** | **PLAINTIFFS** |
| **VS.** | **Civil Action No. 3:11-cv-717-HTW-LRA** |
| **HALEY BARBOUR, ET AL.** | **DEFENDANTS** |

**ORDER**

This Court's 2011 Final Judgment and Injunction [Docket No. 128] remain in effect, as does its 2011 four-district plan, until the Mississippi Legislature produces "a ***constitutional*** congressional redistricting plan." (Emphasis added). H.B. 384 was adopted by the Mississippi

Legislature and then signed into law by Governor Reeves on January 24, 2022. Before this Court, as you know, is a Motion to dissolve the 2011 injunction. The Court has the following questions for you to address at the upcoming April 8, 2022, hearing:

1. What is the Court's subject-matter jurisdiction and the limits thereof?
2. A key question here is whether this Court should dissolve the 2011 injunction, as stated above. Guided by principles of judicial restraint, should this Court proceed beyond that key question and decide more issues than necessary to accord relief under Rule 60(b)(5)?

Relative to the above interrogatory, should this Court follow the guidance of Chief Justice John Roberts that, "if it is not necessary to decide more, it is necessary not to decide more." *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 375 (2010) (Roberts, C.J., concurring); *PDK Lab'ys Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring). In this case in particular, would this panel be abusing its discretion by exercising its jurisdiction over the merits of the Voting Rights Act challenge to H.B. 384 to draw the congressional map of Mississippi once again, when it is unnecessary to grant relief under Rule 60(b)(5)?

Be prepared to address the following argument: because the injunction denies one-person, one-vote to all the citizens of Mississippi, and because to enforce the injunction requires the State of Mississippi to comply with decisional law that has been changed, that is, the *Shelby County* decision, enforcement of the injunction appears to be inequitable and therefore should be dissolved under Rule 60(b)(5). To correct this inequity, however, it is unnecessary to litigate and otherwise address the legality of the reapportionment of the State's congressional districts. The 60(b)(5) inequity of the injunction can be corrected by simply dissolving the injunction, on the

basis of the two aforementioned alleged inequities. The parties could then pursue their constitutional and statutory claims relating to H.B. 384 before a **newly** constituted three-judge panel.

3. If the Court dissolves the 2011 injunction, would the Court retain subject-matter jurisdiction to address any other issues?
4. Are all parties still desirous of a Court ruling on the constitutionality of H.B. 384?
5. Could this Court reach that issue of constitutionality if, before a ruling on said question, this Court dissolves the injunction?
6. Primary elections are only a few months away. Please address the issue of whether these elections should proceed on any timeline and, if so, should the elections continue as scheduled under the current plan identified as H.B. 384?
7. Specifically, did the Mississippi Legislature select race-based maps without sufficient justification? Said another way, does the legislative design of Districts 2 and 3 withstand strict scrutiny and, if so, how? If, in fact, the Legislature did not base its decision on expert analysis, then what is the preferable course for this Court to take?
8. The pre-enactment analysis employed by the Mississippi Legislature appears to be confined to a consideration of the black voting age population for District 2 as established by this Court in 2011. Is this approach a violation of Supreme Court precedent?
9. Expert analysis provided by some of the parties indicates that a black voting age population in the 55% range is sufficient to elect a candidate of choice in District 2. While this may be true for a very popular and well-known incumbent, does this also apply to a slate of fresh candidates in the absence of the incumbent?

10. If this Court finds that the Legislature did not adhere to Supreme Court precedent (*Wisconsin*), does the Court have the authority to allow the current elections to proceed under the State of Mississippi Plan identified as H.B. 384 and then allow the Legislature to reconsider this matter at its next session?  In other words, should the current Legislative Plan remain in effect until the Legislature produces the same plan, or an alternate plan based on independent expert testimony?  Under Supreme Court precedent, a plan adopted by a state legislature is entitled to deference, and the burden is on the challengers to show a violation of the Equal Protection Clause.

When reaching your answers to the above questions, you should be guided by your own research, but you should consider the Supreme Court's holding in *Wisconsin Legislature v. Wisconsin Elections Commission*, a March 23, 2022, decision, and *Shelby Cty., Ala. v. Holder*, 570 U.S. 529 (2013).

As you can see from the above list of questions, this Court has a number of concerns and is highly desirous of your input. This Court, naturally, wants to hear from all parties and perspectives. The hearing might be lengthy.

ORDERED this the 6th day of April, 2022.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE
On Behalf of the Three-Judge Panel:
Judges E. Grady Jolly and David Bramlette