# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| JOHN ROBERT SMITH, SHIRLEY HALL AND GENE WALKER | PLAINTIFFS |
| VS. | Civil Action No. 3:01-cv-855-HTW-DCB-EGR |
| DELBERT HOSEMANN, Secretary of State of Mississippi; JIM HOOD, Attorney General for the State of Mississippi; HALEY BARBOUR, Governor of the State of Mississippi; MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE; and MISSISSIPPI DEMOCRATIC EXECUTIVE COMMITTEE | DEFENDANTS |
| and | |
| BEATRICE BRANCE, RIMS BARBER, L.C. DORSEY, DAVID RULE JAMES WOODWARD, JOSEPH P. HUDSON, and ROBERT NORVEL | INTERVENORS |

## CONSOLIDATED WITH

| | |
|---|---|
| KELVIN BUCK, ET AL. | PLAINTIFFS |
| VS. | Civil Action No. 3:11-cv-717-HTW-LRA |
| HALEY BARBOUR, ET AL. | DEFENDANTS |

**PLAINTIFFS', KELVIN BUCK'S, THOMAS PLUNKETT'S, JEANETTE SELF'S, CHRISTOPHER TAYLOR'S, JAMES CROWELL'S, CLARENCE MAGEE'S, AND HOLLIS WATKINS', MEMORANDUM OF AUTHORITIES IN SUPPORT OF THEIR MOTION TO CORRECT FINDINGS OF FACT AND MAKE ADDITIONAL FINDINGS OF FACT IN THE MEMORANDUM OPINION AND ORDER ENTERED BY THE COURT ON MAY 23, 2022 [DOC. NO. 192]**

The Plaintiffs, Kelvin Buck, Thomas Plunkett, Jeanette Self, Christopher Taylor, James

1

Crowell, Clarence Magee, and Hollis Watkins ("the Buck Plaintiffs"), request, pursuant to Fed. R. Civ. P. 52(b), the Court to correct certain findings contained in its Memorandum Opinion and Order entered on May 23, 2022, [Doc. No. 192], and make additional findings of fact. The corrected factual finding and additional findings are set out in the Buck Plaintiffs' motion. These findings of fact are critical in applying the correct standard when analyzing the Defendants' request for modification of the 2011 injunction.

A district court has discretion in deciding whether to amend or correct findings of fact and whether to make additional findings of fact. See *Russell v. National Mediation Bd.*, 775 F.2d 1284 (5th Cir. 1985); *Cody v. Hillard*, 139 F.3d 1197 (8th Cir. 1998). Findings of fact should be sufficiently detailed in voting rights cases to aid the appellate court in its review of the lower court's decision and analysis. See generally *Velasquez v. Abiline*, 725 F.2d 1017, 1020 (5th Cir. 1984). "Indeed, a party may move to amend the findings of fact even if the modified or additional findings effectively reverse the judgment." *Estate of Pidcock v. Sunnyland America, Inc.*, 726 F. Supp. 1322, 1333 (S. D. Ga. 1989). A finding of fact may be corrected when substantial evidence supporting it is lacking. *Freeport Sulphur Co. v. The S/S Hermosa*, 526 F.2d 300 (5th Cir. 1976).

Substantial evidence supporting the Court's finding that the Buck Plaintiffs argue that the legislature's redistricting plan is an impermissible racial gerrymander under Section 2 of the VRA is lacking. To the contrary, there is substantial evidence that the Buck Plaintiffs argue that H. B. 384 is an impermissible racial gerrymander under the Fourteenth Amendment's Equal Protection Clause. The Buck Plaintiffs argue that the Defendants' purported justification for the configuration of the second congressional

2

district ("CD2"), i.e. compliance with Section 2 of the Voting Rights Act ("VRA"), was not the primary reason for the configuration. The Buck Plaintiffs argue that H. B. 384 is an unconstitutional racial gerrymander because race was the predominant factor motivating the legislature's decision to keep the black voting age population ("BVAP") in CD2 at 62.15%. To establish an unconstitutional racial gerrymander claim, a plaintiff "must prove that 'race was the predominant factor motivating the legislature's decision to place a significant number of voters within or without a particular district.'" *Cooper v. Harris*, 581 U.S. ___, ___, 137 S. Ct. 1456, 1463 (2017), quoting *Miller v. Johnson*, 515 U.S. 900, 916 (1995); *Ala. Legis. Black Caucus v. Alabama*, 575 U.S. 254, 272 (2015), quoting *Miller v. Johnson*, supra, at 916. The Supreme Court has assumed that compliance with the VRA is a compelling state interest allowing a legislature to use race as a predominant factor in redistricting. *Wis. Legislature v. Wis. Elections Comm.* 595 U.S. ___ (2022) (per curiam); *Bethune-Hill v. Va. State Bd. of Elections*, supra, 137 S. Ct. at 801; *Cooper v. Harris*, supra, 137 S. Ct. at 1464; *Shaw v. Hunt (Shaw II)*, 517 U.S. 899 (1996). However, a plaintiff may still prove that the legislature impermissibly used race as a factor in redistricting by proving "that the legislature subordinated *traditional race-neutral districting principles*...to racial considerations." *Ala. Legis. Black Caucus v. Alabama*, supra, at 572. The Buck Plaintiffs offered evidence and argument that the legislature subordinated traditional race-neutral districting principles to racial considerations, thereby establishing that CD2 is an unconstitutional racial gerrymander.

The Buck Plaintiffs also offered direct evidence of the legislature's impermissible use of race in the drawing of CD2. The legislative committees that drafted the

congressional redistricting plan intentionally maintained a BVAP percentage of 62.15% in CD2 without performing any analysis that such a target BVAP was necessary for black voters to elect a representative of their choice.[1] The VRA does not require a target BVAP percentage or the same BVAP percentage in a majority-minority district that existed in the district under the previous redistricting plan. *Ala. Legis. Black Caucus v. Alabama*, supra.

Therefore, the Court's finding that the Buck Plaintiffs argue that H. B. 384 is an impermissible racial gerrymander in violation of Section 2 of the VRA should be corrected.

The Buck Plaintiffs also request the Court to make the following additional findings of fact: (1) vacation or dissolution of the 2011 injunction is not suitably tailored to a change in factual circumstances, i.e. mal-apportionment, or the law, i.e. invalidation of the VRA's preclearance coverage formula; (2) the Defendants anticipated population changes, i.e. mal-apportionment; (3) the Defendants failed to prove the legislature made a good faith reasonable effort to produce a constitutional redistricting plan; and (4) race was the predominant factor in drawing CD2 with a 62.15% BVAP.

A party seeking to modify an injunction bears the burden of proving "the proposed modification is suitably tailored to the changed circumstances." *Rufo v. Inmates of Suffolk County Jail*, 502 U. S. 367, 383 (1992). The party "may meet its initial burden by showing a significant change either in factual conditions or law. *Id.*, at 384; *Horne v. Flores*, 557 U.S. 433 (2009). The Defendants showed a significant change in factual conditions - population shifts

---

[1] Amici offered evidence that black voters in CD2 would be able to elect a representative of their choice with 54.32% BVAP. [Doc. No. 192, pp. 16-33, Wingate, J., dissenting].

4

among the congressional districts have resulted in districts being mal-apportioned. The Defendants also showed that the Supreme Court's decision in *Shelby County v. Holder*, 570 U.S. 529 (2013), held that the VRA's preclearance formula was unconstitutional.[2] The Court held that since the Defendants have met their initial burden, they are entitled to the modification they requested - vacation (dissolution) of the injunction.

There are additional facts present in this case that show the Defendants have a heavier burden which they have not met. "Ordinarily, however, modification should not be granted where a party relies upon events that actually were anticipated at the time" the injunction was entered." *Rufo*, supra, at 385. When a party anticipates "changing conditions that would make performance of the decree more onerous, but nevertheless agreed to the decree, that party would have to satisfy a heavy burden to convince a court that it agreed to the decree in good faith, made a reasonable effort to comply with the decree, and should be relieved of the undertaking under Rule 60(b)." *Id*. In this case, the Defendants anticipated population shifts among the districts when the injunction was entered.[3] In 2011, the Defendants anticipated factual conditions, i.e. population shifts resulting in malapportionment, would change by the next census. The Defendants agreed to the decree in 2011.[4] The Buck Plaintiffs have consistently argued that the Defendants have to

---

[2] However, the Supreme Court's decision did not invalidate Section 5 of the VRA. *Shelby County v. Holder*, supra.

[3] This Court, in 2002, entered an injunction fashioning a properly apportioned congressional redistricting plan. That plan became malapportioned by the time of the 2010 Decennial Census. The Mississippi Republican Executive Committee ("MREC") filed a Rule 60(b)(5) motion in 2011 seeking modification of the 2002 injunction, and the Court amended its injunction revising the congressional districts to cure the malapportionment. The MREC anticipated population shifts among the congressional districts after each Decennial Census.

[4] The Court made the following holding in its 2011 injunction:

> At the status conference on November 22, 2011, all of the parties expressed a preference for using this court's current plan, with only such modifications as were necessary to equalize the population among the four districts. That is what we have done.

*Smith v. Hosemann*, 852 F. Supp.2d 757, 764 (S. D. Miss. 2011) (three-judge court).

prove more than their initial burden in order to have the injunction vacated in its entirety. They must also prove the heavy burden that they made a reasonable effort to comply with the injunction. The injunction required the State of Mississippi to produce "a constitutional congressional redistricting plan that is precleared in accordance with the procedures in Section 5 of the Voting Rights Act of 1965." *Smith v. Hosemann*, supra, at 767. The Buck Plaintiffs maintain that the record evidence proves that the State of Mississippi has produced an unconstitutional racially gerrymandered congressional redistricting plan that has not been precleared in accordance with the procedures of Section 5 of the VRA.[5] Therefore, the Defendants failed to prove the legislature made a good faith reasonable effort to produce a constitutional redistricting plan. The Buck Plaintiffs request that the Court amend its Memorandum Opinion and Order by including this finding of fact.

The Buck Plaintiffs also request that the Court amend its Memorandum Opinion and Order by including the finding of fact that race was the predominant factor in drawing CD2 with a 62.15% BVAP.

Finally, vacation or dissolution of the 2011 injunction is not suitably tailored to a change in factual circumstances, i.e. mal-apportionment, or the law, i.e. invalidation of the VRA's preclearance coverage formula.

In sum, based upon the record, argument of counsel at the Status Conferences, and

---

[5]The Buck Plaintiffs understand that the Supreme Court invalidated Section 5's coverage formula in *Shelby County v. Holder*. However, the Supreme Court did not invalidate Section 5, and states that were not covered by Section 5's coverage formula have been required to obtain preclearance of voting changes. *Jeffers v. Clinton*, 740 F. Supp. 585 (E. D. Ark. 1990), *aff'd* 498 U. S. 1019 (1991) (court ordered non-covered state to seek preclearance of voting changes). Furthermore, even an invalid or unconstitutional injunction should be complied with until it is overturned. *Walker v. Birmingham*, 388 U. S.307, 314 (1967).

the authorities cited herein, the Buck Plaintiffs request the Court to correct certain findings of fact and make additional findings of fact as set out above.

This the 2nd day of June, 2022.

        **RESPECTFULLY SUBMITTED,**
        **KELVIN BUCK, ET AL., on**
        **Behalf of Themselves and All**
        **Others Similarly Situated,**
        **PLAINTIFFS**

By: */s/ Carroll Rhodes*
     CARROLL RHODES

     CARROLL RHODES, ESQ., MSB # 5314
     LAW OFFICES OF CARROLL RHODES
     POST OFFICE BOX 588
     HAZLEHURST, MISSISSIPPI 39083
     TELEPHONE: (601) 894-4323
     FACSIMILE: (601) 894-1451
     e-mail: crhode@bellsouth.net

     JOHN L. WALKER, ESQ., MSB # 6883
     WALKER LAW GROUP, PC
     1410 LIVINGSTON LANE, SUITE A
     POST OFFICE BOX 22849
     JACKSON, MISSISSIPPI 39225-2849
     TELEPHONE: (601) 948-4589
     FACSIMILE: (601) 354-2507
     e-mail: jwalker@walkergrouppc.com

     E. CARLOS TANNER, III, ESQ.
     MSB NO. 102713
     TANNER & ASSOCIATES, LLC
     POST OFFICE BOX 3709
     JACKSON, MISSISSIPPI 39207
     TELEPHONE: (601) 460-1745
     FACSIMILE: (662) 796-3509
     e-mail: carlos.tanner@thetannerlawfirm.com

     COUNSEL FOR PLAINTIFFS
     KELVIN BUCK, ET AL.

## **CERTIFICATE OF SERVICE**

I, Carroll Rhodes, one of the attorneys for the Buck plaintiffs do hereby certify that I have this date filed the foregoing with the Clerk of the Court using the PACER/ECF system which sent notification of such filing to all counsel of record.

This the 2nd day of June, 2022.

*/s/ Carroll Rhodes*
CARROLL RHODES