### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**JOHN ROBERT SMITH, SHIRLEY HALL
AND GENE WALKER**                                                  **PLAINTIFFS**


**VS.**                                       **Civil Action No. 3:01-cv-855-HTW-DCB**


**DELBERT HOSEMANN, Secretary of State of
Mississippi; JIM HOOD, Attorney General for the State of
Mississippi; HALEY BARBOUR,
Governor of the State of Mississippi; MISSISSIPPI
REPUBLICAN EXECUTIVE COMMITTEE; and
MISSISSIPPI DEMOCRATIC EXECUTIVE
COMMITTEE**                                                      **DEFENDANTS**


**and**


**BEATRICE BRANCH, RIMS BARBER,
L.C. DORSEY, DAVID RULE,
JAMES WOODWARD, JOSEPH P. HUDSON,
and ROBERT NORVEL
INTERVENORS**


### CONSOLIDATED WITH


**KELVIN BUCK, ET AL.**                                            **PLAINTIFFS**


**VS.**                                       **Civil Action No. 3:11-cv-717-HTW-LRA**


**HALEY BARBOUR, ET AL.**                                          **DEFENDANTS**

**MEMORANDUM OF AUTHORITIES OF MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE IN OPPOSITION TO PLAINTIFFS' MOTION TO CORRECT FINDINGS OF FACT AND MAKE ADDITIONAL FINDINGS OF FACT AND MOTION TO AMEND THE MEMORANDUM OPINION AND ORDER**

The Buck plaintiffs, in response to the motion to vacate injunction and for other relief [Dkt. #143], filed by Defendant Mississippi Republican Executive Committee, asked this Court to conduct an evidentiary hearing [Dkt. #151 ¶ 17], as they had every right to do.  Now, after this Court vacated its prior injunction without finding a need for an evidentiary hearing [Dkt. #192], the Buck plaintiffs in effect move for summary judgment in their favor, by seeking a declaration, without an evidentiary hearing, that "[t]he Defendants did not produce a constitutional redistricting plan because race was the predominant factor motivating the legislature's decision."  [Dkt. #193 at 4].  They have no right to do that.  This Court should overrule their separate motions to reconsider, under Fed. R. Civ. P. 52 [Dkt. #193] and Fed. R. Civ. P. 59 [Dkt. #195], and adhere to its final judgment.  [Dkt. #192].

## PROCEDURAL STATUS

This Court's opinion and order of May 23, 2022 [Dkt. #192], vacated its prior final judgment of December 30, 2011 [Dkt. #127], establishing the four congressional districts that have been used in every election since the 2010 census.  It did so because the 2020 census revealed that "malapportionment denies the constitutional rights of Mississippians" and because "the law upon which the injunction is based is no longer applicable" [Dkt. #192 at 13], given the decision in *Shelby Cnty. v. Holder*, 570 U.S. 529 (2013).  The majority opinion expressly declined to rule on the merits of plaintiffs' arguments concerning the constitutionality of H.B. 384.  [Dkt. #192 at 7

n.8].  Because the Court did not resolve "the Buck Plaintiffs' allegations that H.B. 384 violates §

2 of the VRA and the Equal Protection Clause," the Court announced, "Our decision does not

impair their right to file a complaint in the new suit raising identical issues seeking the same relief."

[Dkt. #192 at 13].

        In resolving the motion, the Court made no findings of fact whatsoever.  It simply took

judicial notice of the 2020 census results and observed that "there is no dispute among the parties

that the four districts now stand malapportioned because of population shifts among the districts."

[Dkt. #192 at 4].  It neither found nor relied on any other facts in delivering its decision.  The

"changed circumstances" on which the Court relied in vacating the 2011 judgment are the census

data themselves [Dkt. #192 at 10]; the malapportionment found by the Court in a legal conclusion

which follows inexorably from the factual data.  It did not issue findings of fact, because it can do

that only "[i]n an action tried on the facts without a jury," under Rule 52(a)(1).  *St. Paul Mercury

Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (holding that Rule 52(b)

"contemplates an underlying trial").  The Court conducted no trial, nor did it resolve factual

disputes.

        There can be no doubt the Court's May 23 opinion and order qualifies as a final judgment.

The order vacates the previous final judgment and makes clear that no further relief will be

considered.  Because nothing remains for the Court to do, its judgment is final.  *Haase v.

Countrywide Loans, Inc.*, 748 F.3d 624, 628 (5th Cir. 2014).  No separate document rendering

judgment is required because the order grants "relief under Rule 60," as provided by Fed. R. Civ.

P. 58(a)(5).  Thus, although the Buck plaintiffs describe their motion as one for amended or

additional findings of fact under Rule 52(b), it is in fact a motion to alter or amend the judgment

under Rule 59(e).  *Keelan v. Cain*, 31 Fed. App'x 836 (5th Cir. 2002) (construing motion that

challenged correctness of judgment as one "brought pursuant to Rule 59(e)").  *Accord*, *St. Paul Mercury Ins. Co.*, 123 F.3d at 339 (treating movant's motion to amend a finding of fact as a Rule 59(e) motion to alter or amend a judgment when there was no trial).

The Buck plaintiffs themselves have tacitly recognized their procedural error.  On June 8, 2022, they filed a separate motion to amend the opinion and order under Rule 59(e).  [Dkt. #195].  Their supporting memorandum repeats once again that defendants are entitled to no relief from the 2011 injunction under Rule 60 [Dkt. #196 at 9-10] and that H.B. 384 is an unconstitutional racial gerrymander [Dkt. #196 at 10-11].

The supposed findings of fact which the Buck plaintiffs seek from this Court in their Rule 52 motion have certain inevitable legal consequences.  First, they seek a declaration that H.B. 384 does not constitute "a constitutional redistricting plan." [Dkt. #193 at 4].  They also ask this Court to reject "[t]he Defendants' requested modification of the 2011 injunction," because "[t]he defendants anticipated population shifts among Mississippi's congressional districts when the 2011 injunction was entered" and because they failed to establish "that the Mississippi Legislature made a good faith reasonable effort" to adopt a constitutional plan.  [Dkt. #193 at 4].  They argue, then, that H.B. 384 cannot be enforced and that the 2011 injunction cannot be vacated.  If granted, the Buck plaintiffs' motion prevents the enforcement of H.B. 384 and requires the enforcement of the 2011 injunction until further order of this Court or another Court.  Neither motion repeats the Buck plaintiffs' earlier request to impose their own plan.  They simply seek to reinstate and to enforce the 2011 order.

The goals of their Rule 59 motion seem to be somewhat more modest.  They ask this Court to "allow only the 2022 congressional elections to proceed as scheduled under a properly proportioned plan" [Dkt. #196 at 14], but they still offer no suggestion of what that plan might be.

They renew their original request for a trial "on the issue of whether H. B. 384 is constitutional" [Dkt. #196 at 14], apparently recognizing that the present evidentiary record will not support the supposed factual finding they seek in their Rule 52 motion.

## ARGUMENT

The Fifth Circuit permits the modification of a judgment under Rule 59(e) only for very limited reasons. "Such motions serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989), quoting *Keene Corp. v. International Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984). *Accord, Snavely v. Nordskog Elec. Vehicles "Marketeer,"* 947 F. Supp. 999, 1010-11 & n.5 (S.D. Miss. 1995). "Relief under Rule 59(e) is also appropriate where there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).[1]  This Court is vested with discretion to make any reasonable disposition of the motion. *Edward H. Bolin Co., Inc. v. The Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993); *Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).

The Buck plaintiffs in their motions do not offer any newly discovered evidence.  Indeed, they offered very little evidence in response to the Republican Party's motion, consisting of certain records of the Joint Congressional Redistricting and Legislative Reapportionment Committees [Dkt. #151-4], together with statistical analyses of the 2011 plan, H.B. 384, and the plan presented to the Committee by the NAACP.  [Dkt. #151-1, 2, 3].  Not until their supplemental brief,

---

[1]  The same showing must be made to secure relief under Rule 52.  "Generally, whether a motion is filed under Rule 52(b), 54(b), 59(e), or 60(b), the moving party must demonstrate a clear legal error in the Court's prior ruling, provide newly discovered evidence that warrants reconsideration, or cite some intervening change in controlling law." *Brightview, L.P. v. Teeters*, 2020 WL 4003168, *2 (D. Md. 2020).

submitted after the first hearing on the Republican Party's motion, did the Buck plaintiffs ask the Court to take judicial notice of recordings of the floor debates on H.B. 384 in the House and Senate. [Dkt. #163 at 7 nn.20 & 21].  At that same time, the Buck plaintiffs submitted purported expert opinions of Anthony Fairfax [Dkt. #164] and Kareem Crayton [Dkt. #165].[2]  The Buck plaintiffs never suggest that the evidence presently before the Court is insufficient to permit the proper resolution of the Republican Party's motion.  Their current motions expressly do what the Fifth Circuit says similar motions should not do.[3]  They simply repeat past arguments, while deleting any citations to any evidence at all.  [Dkt. #193 at 2-4, citing Dkt. #163 at 11-14; Dkt. #196 at 9-12].[4]

Plaintiffs do not pretend that there has been a change in the law since May 23, 2022, so they must show that there is a need "to correct manifest errors of law or fact."  *Waltman*, 875 F.2d at 473.  As already noted, their motions and supporting brief simply repeat arguments previously made.  The Republican Party fully responded to those arguments in its rebuttal memorandum of February 28, 2022 [Dkt. #177], and there is no need to repeat those arguments here.  The Buck

---

[2] Three separate organizations moved for leave to file a brief as amici curiae, purporting to attach certain evidentiary materials to their motion.  [Dkt. #169].  Defendants opposed that motion. [Dkt. #180, 181, 182].  This Court granted the motion to file a brief without indicating whether it would receive the attachments as evidence, probably because they made no difference to the disposition of the case.  [Dkt. #192 at 5-6 n.6].

[3] Motions that claim entitlement to relief under Rule 52(b) should not be "employed . . . to relitigate old issues . . . or to secure a rehearing on the merits."  *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986) (citations omitted).

[4] The Buck plaintiffs now rely principally on the recordings of the floor proceedings in the Legislature.  [Dkt. #193 at 3].  They have deleted their earlier assertion that "Dr. Crayton has provided an opinion that the communities of interest in the four added counties are dissimilar from the existing CD2." [Dkt. #163 at 12 n.36].  In a footnote [Dkt. #194 at 4 n.1], they mention Judge Wingate's reliance on amici's assertion that a lower percentage of black voters would satisfy section 2, but they do not ask the Court to admit the evidence which the purported amici attempted to offer, and they offer no new evidence of their own, newly discovered or otherwise.

plaintiffs never try to identify any error of law or fact in this Court's order and opinion of May 23, 2022, much less manifest error.

The Buck plaintiffs' argument for reinstating the 2011 judgment rests on their misreading of *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992).  [Dkt. #194 at 4; Dkt. #196 at 9].[5] *Rufo* addresses the standard for "considering requests for modification of an institutional reform consent decree" under Fed. R. Civ. P. 60(b)(5).  *Id.*, at 383.  No consent decree has ever been issued in this case.  Both sides appealed this Court's initial decree to the Supreme Court.  *Smith v. Clark*, 189 F.Supp.2d 529 (S.D. Miss. 2002), *aff'd sub. nom Branch v. Smith*, 538 U.S. 254 (2003). A decade later, in revising that first decree, this Court rejected a different plan submitted by the Buck plaintiffs.  [Dkt. #6-5].  The standard established in *Rufo*, moreover, plainly does not fit this case:

> If it is clear that a party anticipated changing conditions that would make performance of the decree more onerous but nevertheless agreed to the decree, that party would have to satisfy a heavy burden to convince a court that it agreed that a decree in good faith, made a reasonable effort to comply with the decree, and should be relieved of the undertaking under Rule 60(b).

*Id.* at 385. Of course, this Court and all the parties anticipated that census data would change every decade.  Defendants have not argued that it is "more onerous" to perform the 2011 judgment under current population facts, but that it is unconstitutional to do so.  This Court has properly agreed.

The Buck plaintiffs express some concern that "the Opinion and Order incorrectly states" positions they took in this litigation; they deny raising a claim under section 2 of the Voting Rights Act, 52 U.S.C. § 10301, along with their constitutional claim under the Equal Protection Clause. [Dkt. #193 at 2].  In fact, this Court correctly stated the positions of the Buck plaintiffs.  They said quite plainly that H.B. 384 "constitutes a racial gerrymander in violation of the Equal Protection

---

[5] *Horne v. Flores*, 557 U.S. 433 (2009), simply explains and applies the rule in *Rufo*.

Clause of the Fourth Amendment and the Fifteenth Amendment to the United States Constitution; and it violates Section 2 of the VRA." [Dkt. #152 at 6].

Moreover, because the Court declined to resolve those claims, it need say nothing further about them now. Although the Buck plaintiffs admit that the Court did not "address[] whether the State of Mississippi has produced a constitutional redistricting plan," they argue that this failure to rule somehow "raises an issue of the preclusive effect of the Majority's action." [Dkt. #196 at 12]. They expressed similar apprehension before judgment in their supplemental submission on the question of issue preclusion. [Dkt. #191]. Perhaps in recognition of that concern, this Court declared in no uncertain terms: "Our decision does not impair their right to file a complaint in a new suit raising identical issues seeking the same relief." [Dkt. #192 at 13]. Well-established Fifth Circuit precedent gave this Court full authority to limit the preclusive effect of its order. *King v. Provident Life and Acc. Ins. Co.*, 23 F.3d 926, 930 (5th Cir. 1994) (holding that district court's explicit reservation of right to bring future claim "served to limit the preclusive effect of the rendering court's decision, thereby permitting a subsequent lawsuit"). This Court need not amend its May 23 opinion and order to assure the Buck plaintiffs the right to file the constitutional claim they seek to file, as well as the statutory claim they apparently do not.

Likewise, defendants here remain free to present all aspects of their defense in any future litigation. Because this Court rejected the Buck plaintiffs' request for a trial, defendants have presented no evidence on the internal deliberations of the Legislature. Defendants have not tried to rebut the supposed expert evidence offered by the Buck plaintiffs and attached by the attempted amici. Defendants have not yet addressed the legal arguments capably set forth by Judge Wingate in his dissent. That is because the Buck plaintiffs never filed any motion seeking any affirmative relief at all. They simply opposed the vacation of the 2011 judgment. This Court properly rejected

8

their arguments, with full knowledge elections this year would proceed under H.B. 384, as *Purcell v. Gonzalez,* 549 U.S. (2006), plainly requires.  This Court should adhere to that judgment and overrule the Buck plaintiffs' current motions.

RESPECTFULLY SUBMITTED, this the 16th day of June, 2022.

**MISSISSIPPI REPUBLICAN**
**EXECUTIVE COMMITTEE**

By:     */s/ Michael B. Wallace*
MICHAEL B. WALLACE

**OF COUNSEL:**

Michael B. Wallace (MSB #6904)
Charles E. Cowan (MSB #104478)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Ph: (601) 968-5500
Fax: (601) 968-5519
mbw@wisecarter.com
cec@wisecarter.com

**CERTIFICATE OF SERVICE**

I, Michael B. Wallace, one of the attorneys for the Mississippi Republican Party Executive Committee, do hereby certify that I have this date filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record with ECF.

**SO CERTIFIED**, this the 16th day of June, 2022.

*/s/ Michael B. Wallace*
MICHAEL B. WALLACE