# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| JOHN ROBERT SMITH, SHIRLEY HALL AND GENE WALKER | PLAINTIFFS |
| VS. | Civil Action No. 3:01-cv-855-HTW-DCB-EGR |
| DELBERT HOSEMANN, Secretary of State of Mississippi; JIM HOOD, Attorney General for the State of Mississippi; HALEY BARBOUR, Governor of the State of Mississippi; MISSISSIPPI REPUBLICAN EXECUTIVE COMMITTEE; and MISSISSIPPI DEMOCRATIC EXECUTIVE COMMITTEE | DEFENDANTS |
| and | |
| BEATRICE BRANCH, RIMS BARBER, L.C. DORSEY, DAVID RULE, JAMES WOODWARD, JOSEPH P. HUDSON, and ROBERT NORVEL | INTERVENORS |

### CONSOLIDATED WITH

| | |
|---|---|
| KELVIN BUCK, ET AL. | PLAINTIFFS |
| VS. | Civil Action No. 3:11-cv-717-HTW-LRA |
| HALEY BARBOUR, ET AL. | DEFENDANTS |

**THE PLAINTIFFS', KELVIN BUCK'S, THOMAS PLUNKETT'S, JEANETTE SELF'S, CHRISTOPHER TAYLOR'S, JAMES CROWELL'S, CLARENCE MAGEE'S, AND HOLLIS WATKINS', REBUTTAL MEMORANDUM OF AUTHORITIES IN SUPPORT OF THEIR MOTION TO CORRECT FINDINGS OF FACT AND MAKE ADDITIONAL FINDINGS OF FACT AND THEIR MOTION TO ALTER AND AMEND THE COURT'S MEMORANDUM OPINION AND ORDER ENTERED ON MAY 23, 2022**

The Plaintiffs, Kelvin Buck, Thomas Plunkett, Jeanette Self, Christopher Taylor, James

Crowell, Clarence Magee, and Hollis Watkins ("the Buck Plaintiffs"), submit their rebuttal memorandum of authorities in support of their motion to correct findings of fact and make additional findings of fact, [Doc. No. 193], and their motion to alter and amend the Court's Memorandum Opinion and Order entered on May 23, 2022, [Doc. No. 195]. The Defendant, the Mississippi Republican Party Executive Committee ("MREC"), filed its response and memorandum of authorities opposing the Buck Plaintiffs' motions on June 16, 2022. [Doc. Nos. 197, 198, and 199]. The MREC's response was joined in by the Mississippi Governor and Attorney General, [Doc. Nos. 200 and 201], and the Mississippi Secretary of State. [Doc. Nos. 202 and 203].

The MREC misunderstands the procedural and historical record in this case, its burden on a Rule 60(b)(5)[1] motion, and the Buck Plaintiffs argument based on the historical record and the Defendants' burden. The MREC argues that the Buck Plaintiffs essentially move for summary judgment, "without an evidentiary hearing, that "[t]he' Defendants did not produce a constitutional redistricting plan because race was the predominant factor motivating the legislature's decision.'" [Doc. No. 199, p. 2]. That is incorrect. The Buck Plaintiffs do not move for summary judgment. Instead, they argue that the MREC and other Defendants have not met their "heavy burden" under Rule 60(b)(5) to vacate the 2011 injunction in its entirety.

The party who moves for summary judgment bears the burden of proving there is not a genuine issue of material fact and he or she is entitled to judgment as a matter of law. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). However, a party that is subject to an injunction who seeks to have it vacated bears an "*initial burden*" [of]

---

[1] Fed. R. Civ. P. 60(b)(5).

showing a significant change either in factual conditions or in law," *Rufo v. Inmates of Suffolk County Jail*, 502 U. S. 367, 384 (1992). (emphasis added), and a *heavy burden* of showing they have complied with the injunction if they anticipated a change in factual circumstances when the injunction was entered. *Rufo v. Inmates of Suffolk County Jail*, supra, at 384-385. (Emphasis added). Importantly, "modification should not be granted where a party relies upon events that actually were anticipated at the time it entered into a decree." *Rufo v. Inmates of Suffolk County Jail*, supra, at 385. When a party relies upon events that were actually anticipated when the injunction was entered, that party bears a heavy burden to have the injunction vacated.[2] *Id*. "If it is clear that a party anticipated changing conditions that would make performance of the decree more onerous but nevertheless agreed to the decree, that party would have to satisfy a *heavy burden* to convince a court that it agreed to the decree in good faith, made a reasonable effort to comply with the decree, and should be relieved of the undertaking under Rule 60(b)."[3] *Id*. (Emphasis added). The Defendants moved, under Rule 60(b)(5), to have

---

[2] The Buck Plaintiffs argue, and the MREC agrees, that the Defendants anticipated that malapportionment would occur among the congressional districts between entry of the 2011 injunction and 2020 Decennial Census.

[3] The Defendants argue that the *Rufo* decision applies to cases involving institutional reform consent decrees, and this case is not one of those cases. However, they are wrong. The Court's 2011 injunction is in the nature of a consent decree. The Court, held that "all parties accepted the court-drawn plan." 852 F. Supp.2d 757, 762 (S. D. Miss. 2011) (three-judge court). The 2011 court-drawn plan was incorporated into the 2011 injunction. Therefore, the 2011 injunction was in the nature of an institutional reform consent decree. See generally *Frew ex rel. Frew v. Hawkins*, 540 U. S. 431, 437 (2004); *Smith v. Sch. Bd. of Concordia Par.*, 906 F.3d 327, 334-35 (5th Cir. 2018). Additionally, the Court retained jurisdiction until the State of Mississippi produced a constitutional redistricting plan. The Court entered an identical injunction in 2002 and amended the 2002 injunction in 2011 by drawing a properly apportioned congressional redistricting plan and retaining jurisdiction until the State of Mississippi produced a constitutional redistricting plan. A court order that retains jurisdiction to make sure the order is enforced is equivalent to an institutional reform consent decree. See *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315 (11th Cir. 2002); *Board of Educ. v. Dowell*, 498 U. S. 237, 249 (1991) (Furthermore, "in deciding whether to modify or dissolve a desegregation decree, a school board's compliance with previous court orders is obviously relevant."). The Court analyzed the Defendants' motion to vacate the 2011 injunction using the same standards when analyzing modification of

the injunction vacated. Therefore, they had a heavy burden to convince the Court that they complied with the injunction. *Rufo v. Inmates of Suffolk County Jail*, supra, at 384-385. The burden in this case rested with the Defendants and not the Buck Plaintiffs.

The Defendants misconstrue the Court's 2011 injunction. They characterize the injunction as only requiring use of the 2011 court-drawn plan in congressional elections. However, the Court ordered use of the 2011 court-drawn plan in congressional elections "until the State of Mississippi produces a constitutional redistricting plan that is precleared in accordance with the procedures in Section 5 of the Voting Rights Act of 1965." *Smith v. Hosemann*, 852 F. Supp.2d 757, 759 (S. D. Miss. 2011) (three-judge court). In other words, the 2011 court-drawn plan was to remain in effect until the State of Mississippi produced a plan that complied with the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Fifteenth Amendment to the United States Constitutional. If the Defendants want the 2011 injunction vacated in its entirety, then they bear the heavy burden of proving that they have complied with the injunction. *Rufo v. Inmates of Suffolk County Jail*, supra, at 384-385; *Board of Educ. v. Dowell*, supra. The Buck Plaintiffs and amici submitted evidence that the Defendants have not met their heavy burden. The Buck Plaintiffs requested an evidentiary hearing to present additional evidence, if necessary, to rebut the Defendants' assertion that the State of Mississippi has produced a constitutional plan. However, the burden of proof that the State has produced a constitutional redistricting plan rests with the Defendants and not the Buck Plaintiffs. *Rufo v. Inmates of Suffolk County Jail*, supra, at 384-385.

---

institutional reform consent decrees. [Doc. No. 192, p. 8].

The Defendants attempt to shift their heavy burden under Rule 60(b)(5) to the Buck Plaintiffs. However, as discussed above, the burden of proving that the state redistricting plan is constitutional rests with the defendants and not the Buck Plaintiffs in order for the injunction to be vacated in its entirety. *Rufo v. Inmates of Suffolk County Jail*, supra, at 384-385; *Board of Educ. v. Dowell*, supra.

The Defendants fail to address the Buck Plaintiffs' argument that the Court analyzed the MREC's Rule 60(b)(5) motion by determining whether the Defendants met their initial burden rather than determining whether they met their heavy burden. The Buck Plaintiffs request that the Court apply the proper burden when analyzing whether the Defendants are entitled to have the 2011 injunction vacated in its entirety and then shift the burden of proving the state congressional redistricting plan is constitutional from them to the Buck Plaintiffs to prove that it is unconstitutional.

The Buck Plaintiffs do not deny raising a Section 2 Voting Rights Act[4] ("Section 2"). However, they request that the Court's finding that their racial gerrymandering claim is raised under Section 2 be corrected. The Buck Plaintiffs raised their racial gerrymandering claim under the Fourteenth and Fifteenth Amendments to the United States Constitution only and not Section 2.

The Buck Plaintiffs do not request the Court to reinstate the 2011 court-drawn plan for congressional elections without alteration. Instead, they requested that the Court amend its 2011 court-drawn plan to cure the malapportionment and allow it to be used this election cycle. However, the Court did not do that. Instead, the Court allowed an

---

[4] 52 U. S. C. § 10301.

unconstitutional racially gerrymandered plan to be used for this election cycle because of the *Purcell* doctrine. The Buck Plaintiffs request that the Court continue to retain jurisdiction because the Defendants have not met their heavy burden of showing that the State of Mississippi has produced a constitutional redistricting plan. The Buck Plaintiffs request that the 2011 injunction not be vacated in its entirety, but, rather, be amended to cure any malapportionment and allow the cured plan to be used for future congressional elections until the State of Mississippi satisfies its heavy burden.

### **CONCLUSION**

On the basis of the foregoing facts and authorities and the facts and authorities contained in the Buck Plaintiffs initial memorandum of authorities, the Court should amend its Memorandum Opinion and Order vacating the 2011 injunction and final judgment by (1) modifying the 2011 injunction and final judgment instead of vacating it; (2) allow only the 2022 congressional elections to proceed as scheduled under a properly apportioned plan; (3); retain jurisdiction to decide whether the objective of the 2011 inunction and final judgment have been achieved; (4) schedule a trial in 2022 on the issue of whether H. B. 384 is constitutional; and, (5) decide whether it is no longer equitable that the judgment requiring the State of Mississippi to produce a constitutional congressional redistricting plan should have prospective application..

This the 21st day of June,2022.

                                        RESPECTFULLY SUBMITTED,
                                      KELVIN BUCK, ET AL.,
                                      PLAINTIFFS

By:   */s/ Carroll Rhodes*
       CARROLL RHODES

       CARROLL RHODES, ESQ., MSB # 5314
       LAW OFFICES OF CARROLL RHODES
       POST OFFICE BOX 588

>HAZLEHURST, MISSISSIPPI 39083
>TELEPHONE: (601) 894-4323
>FACSIMILE: (601) 894-1451
>e-mail: crhode@bellsouth.net
>
>JOHN L. WALKER, ESQ., MSB # 6883
>WALKER LAW GROUP, PC
>1410 LIVINGSTON LANE, SUITE A
>POST OFFICE BOX 22849
>JACKSON, MISSISSIPPI 39225-2849
>TELEPHONE: (601) 948-4589
>FACSIMILE: (601) 354-2507
>e-mail: jwalker@walkergrouppc.com
>
>E. CARLOS TANNER, III, ESQ.
>MSB NO. 102713
>TANNER & ASSOCIATES, LLC
>POST OFFICE BOX 3709
>JACKSON, MISSISSIPPI 39207
>TELEPHONE: (601) 460-1745
>FACSIMILE: (662) 796-3509
>e-mail: carlos.tanner@thetannerlawfirm.com
>
>COUNSEL FOR PLAINTIFFS
>KELVIN BUCK, ET AL.

**CERTIFICATE OF SERVICE**

I, Carroll Rhodes, one of the attorneys for the Buck plaintiffs do hereby certify that I have this date filed the foregoing with the Clerk of the Court using the PACER/ECF system which sent notification of such filing to all counsel of record.

This the 21st day of June, 2022.

>*/s/ Carroll Rhodes*
>CARROLL RHODES

7