UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN ROBERT SMITH, SHIRLEY HALL
and GENE WALKER                                                                                          PLAINTIFFS

VS.                                                                          Civil Action No. 3:01-cv-855-HTW-DCB

DELBERT HOSEMANN, Secretary of State of
Mississippi; JIM HOOD, Attorney General for the State of
Mississippi; HALEY BARBOUR,
Governor of the State of Mississippi; MISSISSIPPI
REPUBLICAN EXECUTIVE COMMITTEE; and
MISSISSIPPI DEMOCRATIC EXECUTIVE COMMITTEE                                   DEFENDANTS

and

BEATRICE BRANCH, RIMS BARBER,
L.C. DORSEY, DAVID RULE,
JAMES WOODWARD, JOSEPH P. HUDSON,
and ROBERT NORVEL                                                                                        INTERVENORS

**CONSOLIDATED WITH**

KELVIN BUCK, ET AL.                                                                                      PLAINTIFFS

VS.                                                                          Civil Action No. 3:11-cv-717-HTW-LRA

HALEY BARBOUR, ET AL.                                                                                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

We have now received briefing from all the parties regarding the Plaintiffs', Kelvin Bucks', Thomas Plunkett's, Jeanette Self's, Christopher Taylor's, James Crowell's, Clarence Magee's, and Hollis Watkins', Motion to Amend the Memorandum Opinion and Order Entered by the Court on May 23, 2022 [DOC. NO. 192] (the "Buck Plaintiffs'

1

Motion for Reconsideration"), and the Plaintiffs', Kelvin Bucks', Thomas Plunkett's, Jeanette Self's, Christopher Taylor's, James Crowell's, Clarence Magee's, and Hollis Watkins', Motion to Correct Findings of Fact and Make Additional Findings of Fact in the Memorandum Opinion and Order Entered by the Court on May 23, 2022 [DOC. NO. 192] (the "Buck Plaintiffs' Motion to Correct Findings of Fact and Make Additional Findings of Fact"). In short, it appears that the Buck Plaintiffs are attempting to relitigate the merits of H.B. 384, urging the Court to conclude that H.B. 384 is an unconstitutional racial gerrymander in violation of the Equal Protection Clause. The motions are DENIED.

First, the Republican Party is correct that the Court did not make any findings of fact in its opinion because there was no trial or contest on the merits. These issues were decided under Rule 60(b)(5), not under summary judgment or following a bench trial. Thus, it follows that there are no findings of fact to correct.[1] Thus, the Buck Plaintiffs' Motion to Correct Findings of Fact and Make Additional Findings of Fact is denied.

Second, the Buck Plaintiffs' Motion for Reconsideration is denied because they ask the Court to address the merits of H.B. 384 and thus conclude that it violates the Equal Protection Clause and §2 of the VRA. The Buck Plaintiffs' argument is based on their incorrect interpretation of both Rule 60(b)(5) and *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367 (1992). That is, the Buck Plaintiffs argue that per *Rufo*, for the Court to vacate the injunction, the Republican Party must adequately bear its "heavy burden to convince the Court that they complied with the injunction."

Rule 60(b)(5), however, does not require that the enjoined party satisfy the injunction for the injunction to be vacated. FED. R. CIV. P. 60(b)(5) (permitting a court to relieve a party from a final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; *or* applying it prospectively is no longer equitable" (emphasis added)); *Horne v. Flores*, 557 U.S. 433, 454 (2009) ("Use of the disjunctive 'or' [in Rule 60(b)(5)] makes it clear that each of the provision's three grounds for relief is independently sufficient and therefore that relief may be warranted even if petitioners have not 'satisfied' the original order."). Thus, as we have said in our opinion, defendants need not satisfy the injunction in order for it to be vacated

---

[1] With respect to the Buck Plaintiffs' assertion that the Court failed to acknowledge that they challenged H.B. 384 as a violation of the Equal Protection Clause of the Fourteenth Amendment, the Court directs the Buck Plaintiffs to that part of this Court's previous opinion where we clearly stated that we "considered, but [did] not decide[] the Buck Plaintiffs' allegations that H.B. 384 violates § 2 of the VRA and the Equal Protection Clause."

2

under Rule 60(b)(5) when prospective application has become inequitable, FED. R. CIV. P. 60(b)(5), malapportionment, and its consequences with respect to § 2 of the VRA as well, being reasons that prospectively applying this Court's 2011 injunction would be inequitable.

To be sure, *Rufo* is inapplicable in this case. *Rufo* addressed a consent decree, and the arguments of the Buck Plaintiffs relate to changed conditions underlying a consent decree, which are not present in this case. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992) (reviewing denial of a motion to modify a consent decree). The Buck Plaintiffs argument is that the parties to a consent decree cannot be relieved of their duty to perform under the decree by the occurrence of anticipated events; it follows, they say, that this Court was powerless to dissolve the injunction because the inequity of malapportionment was previously anticipated.

This principle is inapplicable in this case, however. A consent decree "embodies an agreement of the parties" and "is contractual in nature." *Rufo*, 502 U.S. at 378; *see also Frew v. Janek*, 820 F.3d 715, 721 (5th Cir. 2016) (describing consent decree as a "contract"). Typically, the terms of consent decrees are separately negotiated by the parties and later presented to the court for approval. *See United States v. City of New Orleans*, 947 F. Supp. 2d 601, 608-14 (E.D. La.) (discussing the process of consent decree negotiation by the parties and subsequent court approval), *aff'd*, 731 F.3d 434 (5th Cir. 2013). Thus, "[c]onsent decrees are construed according to general principles of contract interpretation." *Frew v. Janek*, 780 F.3d 320, 327-28 (5th Cir. 2015) (internal citation omitted).

The reapportionment in this case in 2011, however, was the result of an injunction issued by this Court that neither sought, required, nor acquired the consent of the parties. The parties did not negotiate the terms of the injunction and they did not present any agreement to this Court for approval. Indeed, it was an injunction. None of the parties to this Court's injunction had any contractual rights thereunder to withdraw, modify, or otherwise affect the injunction. In short, it was this Court's injunction that could only be changed, amended, or modified by this Court itself. Thus, the principles that may be applicable in consent decree cases are inapplicable here.

Finally, with respect to the Buck Plaintiffs' argument that "collateral estoppel could be used to preclude any future litigation concerning the constitutionality of H.B. 384," the

3

Buck Plaintiffs are incorrect. "Collateral estoppel prevents litigation of an issue only when: '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.'" *Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 548 (5th Cir. 2013) (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005)); *see also Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009) ("To establish collateral estoppel under federal law, one must show: (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue has been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation has been a critical and necessary part of the judgment in that earlier action."). Although the issue of the constitutionality and legality of H.B. 384 raised in this case would likely be identical to the issues raised in a future case challenging H.B. 384, there has been no "determination" by this Court on those issues. Indeed, this Court declined to address "the Buck Plaintiffs' allegations that H.B. 384 violates § 2 of the VRA and the Equal Protection Clause," and explicitly stated that those issues were "unnecessary to our decision to vacate the 2011 final judgment under Rule 60(b)(5)." In short, collateral estoppel cannot bar a future challenge to the legality or constitutionality of H.B. 384.

We sum up:  First, this Court did not make any findings of fact in its opinion and thus there are no findings of fact to correct; second, Rule 60(b)(5) does not require that the enjoined party satisfy the injunction for the injunction to be vacated; third, *Rufo* is inapplicable in this case because the 2011 reapportionment was not the result of a consent decree; and fourth, collateral estoppel cannot bar a future challenge to the legality or constitutionality of H.B. 384 because there has been no "determination" by this Court as to those issues. Accordingly, the Plaintiffs', Kelvin Bucks', Thomas Plunkett's, Jeanette Self's, Christopher Taylor's, James Crowell's, Clarence Magee's, and Hollis Watkins', Motion to Amend the Memorandum Opinion and Order Entered by the Court on May 23, 2022 [DOC. NO. 192] is DENIED, and the Plaintiffs', Kelvin Bucks', Thomas Plunkett's, Jeanette Self's, Christopher Taylor's, James Crowell's, Clarence Magee's, and Hollis Watkins', Motion to Correct Findings of Fact and Make Additional Findings of Fact in the Memorandum Opinion and Order Entered by the Court on May 23, 2022 [DOC. NO. 192], is DENIED.

**SO ORDERED**, this 25th day of July, 2022.

E. GRADY JOLLY
UNITED STATES CIRCUIT JUDGE

DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE